743 F.2d 225
 20 Ed. Law Rep. 48
 Sarah M. GOODRICH, Appellant,
v.
NEWPORT NEWS SCHOOL BOARD, a corporate body and Chairman
Erwin M. Alexander, William E. Beamer, Elizabeth
Crutchfield, Svein J. Lassen, Rev. G. Wesley Raney, III and
Roy D. Stallings, Jr., individually and in their official
capacities as members of the Newport News School Board and
Woodrow Holmes and James West, individually and in their
capacities as members of the Newport News School Board and
Oliver C. Greenwood, individually and in his official
capacity as division superintendent of the Newport News
public school system, Appellees.
 No. 83-1740.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 7, 1984.
Decided Sept. 13, 1984.
 
 Beverly A. Burton, Richmond, Va. (Sa'ad El-Amin, Sa'ad El-Amin & Associates, Richmond, Va., on brief), for appellant.
 F. Nash Bilisoly, Norfolk, Va. (Joseph A. Gawrys, Vandeventer, Black, Meredith & Martin, Norfolk, Va., Leonard A. Wallin, City Atty., Newport News, Va., on brief), for appellees.
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 Sarah M. Goodrich appeals from an order of the district court granting summary judgment for defendants in her action brought pursuant to 42 U.S.C. Secs. 1981 and 1983. We affirm.
 
 I.
 
 2
 Goodrich was a tenured school teacher employed under continuing contract status by the Newport News, Virginia, School Board ("School Board") for the 1980-81 school year. During that time she was evaluated by her principal, Alfreda L. Alexander, as was required by the School Board's evaluation policy. Alexander held two interim conferences with Goodrich. Following the second conference Alexander advised Goodrich, on February 13, 1981, that she was recommending Goodrich's dismissal from her teaching position for performance below acceptable standards. On the same day, Goodrich was notified in writing that she was being suspended from her teaching position as a result of Alexander's recommendation of dismissal. Goodrich later received a letter from Oliver C. Greenwood, the division superintendent of the Newport News Public School System, informing her that her evaluation forms and other related documents had been reviewed, and that the school system authorities reviewing them concurred in Alexander's recommendation.
 
 
 3
 An informal conference with Greenwood, in which Goodrich and her attorney participated, was held on March 24, 1981, to discuss Alexander's dismissal recommendation. After the conference, Greenwood sent Goodrich a letter advising her that he was recommending she be dismissed from her position as a classroom teacher.
 
 
 4
 Goodrich then requested a hearing before a three-member fact-finding panel to consider the matter. The panel concluded that Goodrich had not received the requisite number of interim conferences under the School Board's written evaluation procedures and, in a 2-1 decision, recommended that she be reinstated in the teaching position under a probationary contract. The School Board, however, after reviewing the fact-finding panel's recommendation, voted to dismiss Goodrich from her teaching position effective August 13, 1981.
 
 
 5
 Goodrich subsequently filed this civil rights action under 42 U.S.C. Secs. 1981 and 1983, alleging that she was terminated in violation of her procedural due process rights, and also asserting a pendent state law claim of breach of contract. The basis of her due process claim was that she was given only two interim conferences rather than the three required by the School Board's evaluation procedure. The district court granted summary judgment for the defendants with respect to Goodrich's due process claim, and dismissed Goodrich's pendent state claim for lack of subject matter jurisdiction. Goodrich appeals.
 
 II.
 
 6
 On appeal, Goodrich contends that the district court erred in its determination that the fourteenth amendment does not require a local school board to adhere to its own guidelines as long as minimum due process is accorded. We disagree.
 
 
 7
 In Grimes v. Nottoway County School Board, 462 F.2d 650 (4th Cir.), cert. denied, 409 U.S. 1008, 93 S.Ct. 439, 34 L.Ed.2d 300 (1972), we addressed the minimum procedural due process requirements in cases involving the termination of a public school teacher. "[M]inimal procedural due process required ... adequate notice, a specification of the charges against her, an opportunity to confront the witnesses against her and an opportunity to be heard in her own defense." Id. at 653 (citation omitted). The evidence shows that Goodrich was afforded minimal procedural due process.
 
 
 8
 When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations. Atencio v. Board of Education of Penasco Independent School District, 658 F.2d 774 (10th Cir.1981); Bates v. Sponberg, 547 F.2d 325 (6th Cir.1976).
 
 
 9
 In Atencio, supra, a case strikingly similar to the present appeal, plaintiff was discharged from his position as superintendent of a school district without being given the two conferences mandated by state law and Board of Education regulations. Atencio had been given notice and granted a full hearing. He did not claim that the notice and hearing were constitutionally defective, but only that he was entitled to the two conferences required by state law and the Board's policy. The Tenth Circuit stated that it was possible that Atencio's rights under the state statute and the Board regulation regarding conferences had been violated, but the Court concluded:
 
 
 10
 [T]here is no federal constitutional right to the conference procedures. The questions whether the allegations contained in the notice of discharge involve unsatisfactory work performance requiring conferences prior to discharge and, if so, whether Atencio in fact was accorded the requisite conferences involve considerations of fact and of state, not federal, law. There is no constitutional violation unless Atencio was denied a fair forum for protecting his state rights.
 
 
 11
 Id. at 779-80.
 
 
 12
 In this case, Goodrich was afforded her procedural due process rights to notice and a hearing. Procedural due process does not require that Goodrich be given three evaluations before being notified of her termination. She received adequate notice, a specification of the charges against her, and a hearing at which she was able to present her defense. That is all she is entitled to under the federal Constitution. Grimes v. Nottoway County School Board, supra. The enforcement of state regulations, such as those existing in this case, is to be done through the state court system and not in an action under 42 U.S.C. Secs. 1981 and 1983, where no federal constitutional guarantees have been violated.
 
 
 13
 Finding no error in the proceedings below, we affirm the judgment of the district court.
 
 
 14
 AFFIRMED.