763 F.2d 652
 25 Ed. Law Rep. 178
 PLEASANT VIEW ELEMENTARY SCHOOL PTA and Myra Freer and
Wilbur H. Friedman, Appellants,
v.
GROUP 1 DEFENDANTS, Former Members of the Board of Education
of Montgomery County, Maryland: Carole F. Wallace and
Eleanor D. Zappone and Joseph R. Barse and Dr. J. Edward
Andrews, Former Superintendent, Montgomery County Public
Schools, and Elizabeth W. Spencer and Suzanne Peyser, Dr.
Marian L. Greenblatt and Blair G. Ewing
and
Group 2 Defendants, Current Members of the Board of
Education of Montgomery County: Suzanne Peyser, Dr. Marian
L. Greenblatt, Blair G. Ewing, Dr. James Cronin, Marilyn
Praisner, Odessa Shannon, Dr. Robery Shoenberg, and Dr.
Wilmer Cody, Current Superintendent, Montgomery County Public Schools
and
Group 3 Defendants, Members of Montgomery County Council and
Montgomery County Executive: Rose Crenca, Scott Fosler,
Esther Gelman, Michael Gudis, William Hanna, Neal Potter,
David Scull and Charles W. Gilchrist, Montgomery County Executive
and
Group 4 Defendants, Former Members of Maryland State Board
of Education: G. George Asaki, May T. Bolt, Mary Elizabeth
Ellis, Verna T. Fletcher, Joanne T. Goldsmith, Rosetta G.
Kerr, Albertine T. Lancaster, Frederick Schoenbrodt, Dr.
David W. Hornbeck, State Superintendent of Schools and
Lawrence A. Miller
and
Group 5 Defendants, Current Members of Maryland State Board
of Education: G. George Asaki, May T. Bolt, Mary Elizabeth
Ellis, Verna T. Fletcher, Joanne T. Goldsmith, Rosetta G.
Kerr, Albertine T. Lancaster, Frederick Schoenbrodt, Dr.
David W. Hornbeck and Herbert Fishpaw, Appellees.
PLEASANT VIEW ELEMENTARY SCHOOL PTA and Myra Freer and
Wilbur H. Friedman, Appellants,
v.
GROUP 1 DEFENDANTS, Former Members of the Board of Education
of Montgomery County, Maryland: Carole F. Wallace and
Eleanor D. Zappone and Joseph R. Barse and Dr. J. Edward
Andrews, Former Superintendent, Montgomery County Public
Schools, and Elizabeth W. Spencer and Suzanne Peyser, Dr.
Marian L. Greenblatt and Blair G. Ewing
and
Group 2 Defendants, Current Members of the Board of
Education of Montgomery County: Suzanne Peyser, Dr. Marian
L. Greenblatt, Blair G. Ewing, Dr. James Cronin, Marilyn
Praisner, Odessa Shannon, Dr. Robery Shoenberg, and Dr.
Wilmer Cody, Current Superintendent, Montgomery County Public Schools
and
Group 3 Defendants, Members of Montgomery County Council and
Montgomery County Executive: Rose Crenca, Scott Fosler,
Esther Gelman, Michael Gudis, William Hanna, Neal Potter,
David Scull and Charles W. Gilchrist, Montgomery County Executive
and
Group 4 Defendants, Former Members of Maryland State Board
of Education: G. George Asaki, May T. Bolt, Mary Elizabeth
Ellis, Verna T. Fletcher, Joanne T. Goldsmith, Rosetta G.
Kerr, Albertine T. Lancaster, Frederick Schoenbrodt, Dr.
David W. Hornbeck, State Superintendent of Schools and
Lawrence A. Miller
and
Group 5 Defendants, Current Members of Maryland State Board
of Education: G. George Asaki, May T. Bolt, Mary Elizabeth
Ellis, Verna T. Fletcher, Joanne T. Goldsmith, Rosetta G.
Kerr, Albertine T. Lancaster, Frederick Schoenbrodt, Dr.
David W. Hornbeck and Herbert Fishpaw, Appellees.
 Nos. 84-2193, 85-1244.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 4, 1985.
Decided June 6, 1985.
 
 Wilbur H. Friedman, New York City, for appellants.
 Ellen M. Heller, Asst. Atty. Gen., Baltimore, Md. (Charles A. Reese, Judith S. Bresler, Reese & Carney, Ellicott City, Md., Stephen H. Sachs, Atty. Gen., Karen Stakem Hornig, Staff Atty., Baltimore, Md., on brief), for appellees.
 Before PHILLIPS, CHAPMAN and SNEEDEN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 Plaintiffs, the Pleasant View Elementary School PTA and parents of children who attended Pleasant View Elementary School, sued various Maryland State and Montgomery County officials and former officials because of their actions in closing Pleasant View Elementary School in Montgomery County, Maryland. Plaintiffs alleged that by their actions the defendants denied them their constitutional rights to due process and equal protection, thus violated 42 U.S.C. Sec. 1983, and, in a pendent state claim, violated their rights under Maryland's Administrative Procedure Act. Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6). The district court granted this motion and plaintiffs appealed. We affirm.
 
 
 2
 In March 1981, due to declining enrollments, the Montgomery County School Board adopted long-range policies to govern school closures. Pursuant to those policies, between November 1981 and May 1982, the County School Board closed twenty-eight schools in Montgomery County, including Pleasant View Elementary School. The School Board closed Pleasant View against the recommendation of the County Superintendent who had recommended that a different school be closed.
 
 
 3
 Before closing each school the School Board gave notice of and held public hearings. The School Board voted to close Pleasant View on November 18, 1981. Plaintiffs appealed that decision to the Maryland State Board of Education. A hearing examiner, after a full two day evidentiary hearing in which plaintiffs participated, affirmed the decision of the County Board. After oral argument before the State Board of Education, the State Board adopted the decision of the hearing examiner. Pleasant View was closed on June 30, 1982.
 
 
 4
 Plaintiffs then appealed the decision of the State Board of Education to the State Circuit Court under Maryland's Administrative Procedure Act, Maryland State Gov't Code Ann. Sec. 10-201 et seq. (1984). The State Circuit Court determined that it did not have subject matter jurisdiction and dismissed the appeal. The Maryland Court of Special Appeals affirmed that decision and the Court of Appeals of Maryland denied certiorari, 474 A.2d 1345. On December 16, 1983, plaintiffs filed this action in the United States District Court for the District of Maryland. Plaintiffs now appeal from the dismissal of each of their causes of action by the district court.
 
 
 5
 * The district court, holding that the defendants had complied with the minimal elements of due process, notice and an opportunity for a hearing, dismissed plaintiffs' procedural due process claim on the basis of Goodrich v. Newport News School Board, 743 F.2d 225, 227 (4th Cir.1984). Plaintiffs have attempted to distinguish Goodrich but are unable to do so. We agree with the district court that the defendants provided plaintiffs with the minimal elements of due process and that Goodrich is dispositive of this issue.
 
 II
 
 6
 The district court dismissed plaintiffs' equal protection claim on the ground that the decision of the School Board had a rational basis supported by the record. The district court held that plaintiffs' complaint did not implicate a suspect classification, that the state actors need only show a rational basis for their administrative decision, and that plaintiffs' complaint showed that the state actors had considered the relevant factors and that their decision had a rational basis. Consequently the district court dismissed this cause of action. We agree with the district court's determination of the level of scrutiny and that the defendant's actions did not deny plaintiffs their right to equal protection. U.S. Railroad Retirement Board v. Fritz, 449 U.S. 166, 174-75, 101 S.Ct. 453, 459-60, 66 L.Ed.2d 368 (1980); San Antonio Independent School District v. Rodriquez, 411 U.S. 1, 40-44, 93 S.Ct. 1278, 1300-1302, 36 L.Ed.2d 16 (1973).
 
 III
 
 7
 The district court also correctly dismissed plaintiffs' cause of action under 42 U.S.C. Sec. 1983. The district court had dismissed plaintiffs' federal constitutional claims, and Sec. 1983 does not create any substantive rights, it only provides a remedy for the deprivation of constitutional and federal rights. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 616-618, 99 S.Ct. 1905, 1915-1916, 60 L.Ed.2d 508 (1979).
 
 IV
 
 8
 Finally, the district court dismissed plaintiffs' pendent state claims because of the eleventh amendment and the Supreme Court's decision in Pennhurst State School v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). We affirm the dismissal of this claim but for a different reason. Having dismissed the federal claims, the district court had the discretion to dismiss the pendent state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218; Sigmon v. Poe, 564 F.2d 1093, 1096 (4th Cir.1977). In this case the district court did not abuse that discretion.
 
 
 9
 We have fully considered plaintiffs' other arguments and find them to be without merit. For the above stated reasons we affirm the order of the district court. We also affirm the district court's denial of plaintiffs' motion to supplement the record. We have reviewed plaintiffs' proposed additions to the record but do not find them to be helpful in this appeal.
 
 
 10
 AFFIRMED.