**Amin AKBAAR–EL, Plaintiff,**

v.

**John SHELLEY, Defendant.**

**No. 85 C 1037.**

United States District Court, N.D. Illinois, E.D.

March 28, 1986.

---

**11.** *Id.,* at p. 2.

**12.** Id., at p. 3.

Amin Akbaar-El, pro se.

William W. Kurnik, William C. Barasha, Kurnik & Cipolla, Arlington Heights, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Plaintiff, Amin Akbaar-El, brought this lawsuit against John Shelley, the Sheriff of Will County, Illinois, alleging violations of 42 U.S.C. §§ 1981 and 1983. Shelley filed a motion to dismiss contending 1) the doctrine of *res judicata* bars this lawsuit and 2) the Complaint fails to state a claim for relief. *Res judicata* cannot be used to bar this lawsuit, but Shelley's motion to dismiss must be granted because the com-plaint fails to state a claim on any theory. *See* Fed.R.Civ.P. 12(b)(6).

The facts alleged in the Complaint, and taken as true for the purposes of this motion, are these: As Sheriff, Shelley is responsible for serving warrants in Will County. *See* Ill.Rev.Stat. ch. 110, § 2–202 (1985). Plaintiff filed a *mandamus* action in Illinois state court on July 30, 1984. Plaintiff filled out a summons and a complaint and forwarded copies to Shelley's office for service. Because of apparent administrative problems, Shelley failed to serve Plaintiff's summons before its expiration date (November 12, 1984). Thereafter Plaintiff brought a motion in Circuit Court to compel the Sheriff to perfect service. Instead of granting Plaintiff's motion the Circuit Court judge dismissed Plaintiff's suit. The reasons for the dismissal are not clear. (An appeal might have proved enlightening.)

Plaintiff claims Shelley's failure to serve the summons violates the due process clause of the fourteenth amendment. In support of his claim, Plaintiff alleges Shelley intentionally or recklessly failed to serve the summons. Shelley contends that even if Plaintiff has a liberty interest protected by the due process clause, Illinois rules of civil procedure provide all the process due him. Shelley is right. Plaintiff states no claim for relief under the procedural aspect of the due process clause of the fourteenth amendment.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that a state employee's negligent deprivation of an individual's property does not violate procedural due process when a state procedure provides adequate relief for the deprivation. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984) extended *Parratt's* holding to intentional, unauthorized acts by state employees. *Parratt* and *Hudson* both involved allegations that the state deprived individuals of *property* in violation of procedural due process. This case involves an intentional deprivation of *liberty*. Courts in this Circuit, how-

ever, have applied *Parratt* to both deprivations of property and liberty. *See, e.g., State Bank of St. Charles v. Camic,* 712 F.2d 1140, 1147 (CA 7 1983); *LeCuyer v. Weidenbach,* 613 F.Supp. 509, 512–13 (N.D. Ill.1985).

Plaintiff's § 1983 claim is premised on Shelley's intentional refusal to serve a summons. Yet Illinois law provides adequate procedures to compel Shelley to serve a summons. *See, e.g.,* Ill.Rev.Stat. ch. 110, §§ 2–202(c) (petition to compel service or to show cause); 14–101 *et seq.* (mandamus). Further, the § 1983 claim does not allege Shelley's refusal to serve the summons was based on an established state procedure (*see Logan v. Zimmerman Brush,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)) or that Shelley's refusal violated some substantive right guaranteed by the due process clause of the fourteenth amendment. *See Guenther v. Holmgreen,* 738 F.2d 879, 882–83 (CA 7 1984) (*Parratt* inapplicable to allegations of substantive constitutional guarantees). Either of those claims would take this lawsuit out of the reach of *Parratt* and *Hudson. See generally* M. Wells and J. Eaton, *Substantive Due Process and the Scope of Constitutional Torts,* 18 Georgia L.Rev. 201 (1984).[1] Accordingly, Plaintiff fails to state a § 1983 claim based upon Shelley's intentional or reckless conduct. *See Hudson,* 104 S.Ct. at 2104; *Toney-El v. Franzen,* 777 F.2d 1224 (CA 7 1985). Shelley's motion to dismiss the § 1983 claim is granted.

■ Plaintiff's § 1981 claim suffers a similar fate. Nowhere does the Complaint allege facts which even provide a hint of the elements necessary to support a § 1981 claim. *See Lowe v. Letsinger,* 772 F.2d 308, 311 (CA7 1985). Thus, Plaintiff's

---

**1.** Wells and Eaton examine the difficulties of divining substantive and procedural claims brought under the fourteenth amendment's due process clause. Courts in this circuit have treaded carefully on that issue. *See, e.g., Doty v. Carey,* 626 F.Supp. 359, 362 & n. 4 (N.D.Ill.1986) (fourth, fifth and fourteenth amendments); *LeCuyer v. Weidenbach,* 613 F.Supp. 509, 513 (N.D. Ill.1985) (finding no allegation of a substantive right); *McCrimmon v. Kane County,* 606 F.Supp. 216, 222–23 (N.D.Ill.1985) (fourth amendment);

§ 1981 claim is fatally defective and his Complaint must be dismissed in its entirety.

IT IS SO ORDERED.

*Anton v. Lehpamer,* 584 F.Supp. 1382, 1385 (N.D.Ill.1984); *Spallone v. Roselle,* 584 F.Supp. 1387, 1391–92 (N.D.Ill.1984). It is now clear, however, that at least those substantive rights guaranteed by the Bill of Rights and its "penumbras" (*see Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965)) and made applicable to the states through the due process clause of the fourteenth amendment remain unaffected by *Parratt* and *Hudson. See Toney-El,* 777 F.2d at 1227.