James CHRISTIAN, Al Kelly, David
Sharp, Mack Carmichael, and all
similarly situated persons, Plaintiffs,

v.

The VILLAGE OF MAYWOOD, a
corporation, Linda Hunt McClary
and Sandra Sharp, Defendants.

No. 86 C 2166.

United States District Court,
N.D. Illinois, E.D.

March 4, 1987.

John P. De Rose, Jody Ann Lowenthal, De Rose and Russo, Chicago, Ill., for plaintiffs.

Peter M. Rosenthal, Keith A. Dorman, Ancel, Glink, Diamond, & Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiffs, owners of real estate in the Village of Maywood, have filed a murkily written two-count class action complaint, purportedly under 42 U.S.C. § 1983, against the Village, its director of building code enforcement, and its prosecutor. Defendants have moved to dismiss for failure to state a claim. That motion is granted in substantial part.

The problems of which plaintiffs complain apparently revolve around Maywood's building and fire codes, though how those problems relate to plaintiffs is not immediately discernible. Perhaps the named plaintiffs have had their property cited for building and fire code violations, but such facts are nowhere alleged. In count I they allege that buildings owned or occupied by the Village violate the Village's own building code, but that the director of enforcement has never cited those buildings for violations. The complaint speaks of "a violation of the Fourth, Fifth, Eighth, Ninth, or Fourteenth Amendments," but in plaintiffs' brief they admit that they construe the count simply as an equal protection claim. Count II alleges that the procedure for citations for building and fire code violations which Maywood does issue fails to comply with Illinois notice law; that persons cited have no notice of their violations, since the citations refer only to sections of the codes, and no copy of the code is available in the village clerk's office or obtainable by other means; and that hearings on the citations take place before the village prosecutor rather than a judge. The count recites the same litany from the Bill of Rights as count I, but in their brief plaintiffs characterize it as a due process claim.

This court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). That standard is generous, but not generous enough to save this complaint. As this court has had occasion to note recently, "[a]s long as a law or regulation is rationally based, the mere failure of those who administer it to treat all persons who have violated it with complete equality does not of itself infringe the constitutional principle of equal protection." *D'Acquisto v. Washington*, 640 F.Supp. 594, 625 (N.D.Ill.1986); *see also Kukla v. Village of Antioch*, 647 F.Supp. 799, 812 (N.D.Ill.1986). Plaintiffs do not allege that Maywood has no rational basis for promulgating building and fire codes, and we do not see how they could. The only way, then, that plaintiffs could have an equal protection claim involving those codes would be through an allegation that Maywood intentionally uses selective enforcement of its building and fire codes for invidious discrimination—for example, enforcement on the basis of the race of a building's owner, or which otherwise creates arbitrary and impermissible classifications between similarly situated persons. *See Muckway v. Craft*, 789 F.2d 517, 523 (7th Cir.1986); *Scudder v. Town of Greendale*, 704 F.2d 999, 1003 (7th Cir.1983) (both dismissing equal protection claims involving zoning ordinances).

■ Here, however, plaintiffs' allegations actually tell us nothing about Maywood's enforcement of its building code. Plaintiffs complain rather of lack of enforcement of the code against Maywood's own buildings. Even assuming that plaintiffs could allege and prove that the code is enforced somewhere, that still would constitute no more than unequal enforcement. Plaintiffs thus fail to state a claim under the equal protection clause of the Fourteenth Amendment.

■ Moreover, plaintiffs also fail to allege standing. To satisfy the constitutional limitation on the federal judicial power to cases or controversies, a plaintiff in federal court must have a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984). The mere fact that plaintiffs bring a class action does not release them from the requirement of standing. *Warth v. Seldin,* 422 U.S. 490, 522, 95 S.Ct. 2197, 2217, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

■ We have difficulty finding even any allegation of personal injury here. To have standing, a plaintiff's injury must be distinct, palpable and personal. Merely being offended at the sight of government's failure to act in accordance with law is not a judicially cognizable injury. *Allen,* 468 U.S. at 754, 104 S.Ct. at 3326; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 483–486, 102 S.Ct. 752, 764–66, 70 L.Ed.2d 700 (1982). Plaintiffs here only state in conclusory fashion that the "constitutional rights [of class members] were violated ... by either the prosecution or the threat of prosecution under the Village of Maywood building and fire code." However, they identify no specific prosecutions and offer nothing on how real and immediate the threat of prosecution is. *Cf. City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 1666–67, 75 L.Ed.2d 675 (1983). Thus it is hard to see from the complaint how anyone has been personally injured or faces an immediate threat of personal injury.

■ Even if we could find an allegation of personal injury in the hint of prosecution for violations, plaintiffs still have not pled that the unlawful conduct of which they complain, namely nonenforcement of the code against others, caused their own injury. Moreover, we do not see how they could. The requirement that the injury be traceable to the conduct complained of is essentially a test for causation. *Allen,* 468 U.S. at 757–759, 104 S.Ct. at 3327–3329. We simply do not see how Maywood's failure to enforce the code against itself could possibly *cause* the prosecution of plaintiffs for code violations. *See id.* at 759–760, 104 S.Ct. at 3328–3329; *Muckway,* 789 F.2d at 521. Thus not only does no equal protection claim arise from the alleged selective nonenforcement; plaintiffs also allege no injury which is fairly traceable to the nonenforcement. We can think of no facts which could be proved consistent with the allegation of nonenforcement which would state a claim. Count I must be dismissed.

■ Count II suffers from similar problems. A municipality's failure to follow state law or its own codes or procedures, without more, does not constitute denial of a federal constitutional right. *Muckway,* 789 F.2d at 522; *Albery v. Reddig,* 718 F.2d 245, 251 (7th Cir.1983) (dismissing complaint based on failure to grant building code variance). Thus the alleged noncompliance with Illinois statutes simply does not state a federal due process claim.

■ The other two allegations also probably lack substance. To implicate due process, a governmental body must deprive or threaten to deprive an individual of a protected interest through procedure which is fundamentally unfair. *See, e.g., Albery,* 718 F.2d at 251; *D'Acquisto,* 640 F.Supp. at 606–607. Presumably defendants intend for us to consider the real estate which they own as their protected interest—a property interest for due process purposes. But nothing in the complaint suggests that building code fines in Maywood are so onerous that they constitute a "taking" of

that property, or otherwise rise to the level of a deprivation in the constitutional sense of the word. *Cf. D'Acquisto*, 640 F.Supp. at 609–610; *Firestone v. Fritz*, 119 Ill. App.3d 685, 690, 456 N.E.2d 904, 908, 75 Ill.Dec. 83, 87 (2d Dist.1983) (dismissing claim based on failure to enforce building code).

Nor is failure to provide copies of the building and fire code in a particular office fundamentally unfair. *Albery*, 718 F.2d at 249–250 (zoning board need not give each violator a copy of the zoning ordinance). Of course, everyone is "entitled to be informed as to what the State commands or forbids." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972), *quoting Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). If persons indeed have no access at all to the code, which plaintiffs may be alleging (although their actual complaint is the absence of three copies, not the absence of any), then charging them with violations of it would be fundamentally unfair. However, as long as a copy is accessible somewhere within reason, for example at the county courthouse law library, it is plaintiffs who presumptively have a duty to know the law affecting the conduct in which they choose to engage. *Albery*, 718 F.2d at 250. Since plaintiffs in their complaint purport to quote from a section of the code, apparently they did eventually find a copy of it somewhere.

The allegation in count II that is most troubling is the reference to the village prosecutor sitting in judgment over the code violation proceedings. Being tried by an adversary rather than a neutral decisionmaker would also be fundamentally unfair and thus would implicate due process. *Brasslett v. Cota*, 761 F.2d 827, 837 (1st Cir.1985); *D'Acquisto*, 640 F.Supp. at 622. The prosecutor initially responds to this allegation by claiming absolute prosecutorial immunity. She would not, however, have prosecutorial immunity where she was not performing prosecutorial functions. *See Kukla*, 647 F.Supp. at 815. In her brief she then goes on to explain that

what plaintiffs characterize as a trial was actually a plea-bargaining session preceding trial. We find that much more likely.

By the generous standards of a motion to dismiss, however, there may be a trace of an actual due process claim lurking somewhere in count II. Plaintiffs perhaps allege that the Maywood building and fire code is inaccessible to anyone; they definitely allege that the prosecutor has usurped judicial functions. Though we strongly suspect that both allegations are hyperbole, and greatly doubt plaintiffs' chances of success on a due process claim, we cannot now say that plaintiffs could not prove any facts consistent with those allegations which would entitle them to relief.

However, plaintiffs once again have failed to allege facts sufficient to support standing. It may be that the named plaintiffs have been cited and fined for building and fire code violations. But if so, they have neglected to tell us that in their complaint. Without a personal injury they have no standing to challenge Maywood's procedures, no matter how much those procedures offend plaintiffs. *Cf. Valley Forge*, 454 U.S. at 485–486, 102 S.Ct. at 765–766. Count II must therefore also be dismissed.

On the slim chance that plaintiffs might actually have a due process claim of some kind, and given the strong federal preference for decisions on the merits rather than on pleading mistakes, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), we dismiss this count with leave to amend. But we also point out to plaintiffs that a building code dispute is ordinarily "a matter of peculiarly local concern" in which a viable federal claim is rarely found. *Albery*, 718 F.2d at 251. If plaintiffs do return, we hope that they offer a complaint much better grounded in constitutional law than this one. *Cf. Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

### Conclusion

Defendants' motion to dismiss plaintiffs' complaint is granted. Plaintiffs' count I is

dismissed with prejudice; count II is also dismissed, but with leave to amend within thirty days.