**Amee EFTEKHARA, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendants.**

**No. 87 C 2293.**

United States District Court, N.D. Illinois, E.D.

June 3, 1987.

Michael Weininger, David C. Kluever, Katz, Randall, Weinberg, Chicago, Ill., for plaintiff.

Thomas A. Ioppolo, Asst. Atty. Gen., General Law Div., Atty. Gen. of Illinois, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, Senior District Judge.

Plaintiff has filed a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983, to redress violations of her rights under the Fifth and Fourteenth Amendments.[1] She alleges she was denied her due process and equal protection rights by the conduct of defendants during their investigation of alleged child abuse by plaintiff and their failure to comply with state statutes and rules promulgated by defendant Illinois Department of Children and Family Services ("DCFS" or "Department"). Defendants now move to dismiss, contending the complaint fails to state a claim upon which relief can be granted. The events described in plaintiff's complaint, which the court accepts as true for the purposes of this motion, are as follows.

### I

Plaintiff was employed as a pre-school teacher at the TLC Academy, a day care center in Evanston, Illinois, duly licensed by DCFS. On November 9, 1986, DCFS received a report that a minor child, while in the care of TLC, was allegedly abused by plaintiff. DCFS has the power to revoke the license of any child care facility that fails to discharge an employee who is under investigation by the Department on charges of child abuse. TLC was informed by DCFS that it could not continue to employ plaintiff and she was discharged.

Under Ill.Rev.Stat. ch. 23, ¶ 2051 et seq., and administrative rules promulgated by DCFS, the Department is required to con-

---

1. Plaintiff states in her complaint that she was deprived of her rights under 42 U.S.C. § 1983. This is inaccurate. Section 1983 does not create any substantive rights which may be violated; it merely provides remedies for deprivation of rights established elsewhere. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985).

duct its investigation within the following time limits. First, it is to determine within 60 days of the filing of the initial report whether there is some credible evidence of child abuse. If some credible evidence is found, an "indicated" finding is reported to the State Central Register ("SCR"), a unit of DCFS that maintains "indicated" reports of child abuse for a period of 5 years. A person who is the subject of an "indicated" report cannot be employed by a child care facility during that 5–year period. If no credible evidence is found during the initial investigation, an "unfounded" finding is reported.

If an investigation cannot be completed within 60 days, for good cause, the investigation period can be extended an additional 30 days, but a final written report determining whether the accusations are "indicated" or "unfounded" must be made no later than 90 days after the filing of the initial report. The accused must then be given timely notice of the DCFS decision within 5 days. The notice must inform the individual of DCFS's intended action, the reasons for it, the rules supporting it, and the right to review and appeal of the decision.

Plaintiff alleges that the investigation was completed in early December 1986, but no report was issued and she was informed on December 12, 1986 that the investigation was still pending. On March 3, 1987, she received a letter from DCFS stating that the initial report had been "indicated"; that is, some credible evidence of child abuse was found. The letter is dated February 20, 1987 and is postmarked February 27, 1987. Plaintiff was informed that she had until March 20, 1987 to appeal this decision.[2] This suit followed.

Plaintiff asserts that defendants deprived her of her due process rights under the Fifth Amendment and her equal protection rights under the Fourteenth Amendment by failing to complete and issue their report within the time frames indicated by its rules. She alleges this action caused her to be terminated from her position

based on unsubstantiated allegations of child abuse, depriving her of employment in child care facilities. She seeks: (1) a declaration by this court barring DCFS from issuing an "indicated" report or revoking the license of any child care facility that employs plaintiff; (2) a preliminary and permanent injunction enjoining defendants from filing the report with the SCR or revoking the license of any child care facility that may employ plaintiff; and (3) a mandatory injunction compelling DCFS and SCR to expunge the report and all records related to the investigation and to deliver all reports and records to plaintiff.

Defendants move to dismiss, arguing, *inter alia*, that violation of a state law or procedure does not, in and of itself, state a federal constitutional claim and that none of the rule violations noted by plaintiff rise to the level of a constitutional claim. Moreover, defendants assert that under the Eleventh Amendment, this court has no jurisdiction to compel a state official to conform his conduct to state law. Finally, defendants contend plaintiff has not and will not be deprived of a prompt decision. She has yet to exhaust her administrative remedies and has the right to file suit in the Circuit Court of Illinois seeking review of any unfavorable administrative decision.

Plaintiff opposes this motion, asserting that the actions of the DCFS in issuing its decision 13 days later than the 90–day period provided in the rules deprived her of her due process rights. Plaintiff argues that this 90–day period is a mandatory requirement which has the effect of a statute of limitations and once this period expires, plaintiff has a property interest protected by the due process clause. In addition, she contends she has a property interest in continued employment and a liberty interest in pursuing her chosen occupation. Plaintiff concludes that the denial of procedural due process rights depriving a person of a property interest in continued employment is the proper subject of a § 1983 suit and that her complaint clearly sets out the

---

**2.** Defendants assert (and plaintiff does not dispute) that she has requested and received the

full 60 days in which to initiate her appeal, mooting any claim regarding this right.

basis of her claim and the process she claims was due.

## II

In order to state a claim under § 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that the conduct deprived her of rights, privileges, or immunities secured by the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1985); *Toney-El v. Franzen*, 777 F.2d 1224, 1226 (7th Cir. 1985). There is no question in this case that defendants acted under color of state law. The issue is whether defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution. Reading plaintiff's complaint broadly, she alleges both her equal protection and due process rights under the Fourteenth Amendment, and her due process rights under the Fifth Amendment, were violated by defendants' actions.

At the outset, it is clear that the Fifth Amendment's due process clause applies only to actions by the federal government. *E.g. Rubacha by Rubacha v. Coler*, 607 F.Supp. 477, 479 (N.D.Ill.1985). The actions plaintiff complains of here were taken by the state, not the federal government. Plaintiff's allegation that she was deprived of her due process rights under the Fifth Amendment must therefore fail.

In regard to her claims under the Fourteenth Amendment, in order to state a claim under the equal protection clause, a plaintiff must allege a classification of similarly situated persons caused by purposeful discrimination on the part of the agency. *Muckway v. Craft*, 789 F.2d 517, 523 (7th Cir.1986). It is beyond dispute that the mere violation of a state statute or rule does not on its face state a federal constitutional claim. *Id.* Plaintiff has failed to allege that other persons similarly situated had investigations completed in a timely manner. Her failure to allege that the agency's administration of its rules result-

ed in classification of similarly situated persons because of purposeful discrimination on the part of DCFS is fatal to her equal protection claim. *Id.*

The question remains whether procedural due process protections apply in this case. It is well established that the requirements of procedural due process apply only to deprivations included within the Fourteenth Amendment's protection of property and liberty. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Munson v. Fiske*, 754 F.2d 683, 692 (7th Cir.1985). The court must look to the nature of the interest at stake to determine whether it falls within Fourteenth Amendment due process protections. *Munson*, 754 F.2d at 692.

A property interest in employment must stem from an independent source, such as state law, and must support a claim of entitlement that is more than a unilateral expectation of continued employment. *Ratliff v. City of Milwaukee*, 795 F.2d 612, 624 (7th Cir.1986). The distinguishing characteristic of a property interest is that it creates an entitlement grounded in state law that cannot be removed except for cause. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). Jobs are deemed property only if the jobholder has a legitimate claim of entitlement to the position because of a state rule creating the entitlement. *Salkin v. Washington*, 628 F.Supp. 138, 140 (N.D.Ill.1986).

Plaintiff alleges no property interest in her employment, nor does she allege any facts from which this court could conclude that she may have such an interest. She was not a public employee with a tenured position who could be dismissed only for cause. Plaintiff points to no state rule or regulation creating an entitlement to her position.

Plaintiff relies on *Wilson v. All-Steel Inc.*, 87 Ill.2d 28, 56 Ill.Dec. 897, 428 N.E.2d 489 (1981). *Wilson* holds that a limitations defense to a cause of action that has accrued vests a property right in the

defendant, entitled to due process protections. Plaintiff urges this court to conclude that the time limitations in the DCFS rules act in the same manner as a statute of limitations and thus, under *Wilson* vest a property right in her.

The court construes the DCFS rules as simply a state procedural scheme that does not in and of itself create a constitutionally protected property interest in those subject to them. *Cf. Rouse v. Judges of Circuit Court of Cook County,* 609 F.Supp. 243, 248 (N.D.Ill.1986). A protectible property interest must exist apart from any procedural guarantees. Plaintiff alleges no protected interest in continued employment; procedural protections do not determine whether a property interest exists. *Id.* (citations omitted). For these reasons, the court concludes plaintiff has failed to allege a constitutionally protected property interest in her employment.

■ Even though plaintiff has not alleged a protected property interest in employment, she may nonetheless assert a deprivation of a liberty interest. *Ratliff v. City of Milwaukee,* 795 F.2d 612, 625 (7th Cir.1986). A liberty interest is implicated, at least in regard to public employees, when the government terminates an employee and injures the employee's reputation, or imposes a stigma that effectively forecloses that employee's future employment in that occupation. *Id.* Here, plaintiff was terminated based on charges reported by DCFS that undoubtedly injured her reputation. Moreover, her ability to obtain other employment as a child care worker is foreclosed by DCFS' power to revoke the license of any child care facility that fails to discharge an employee who is under investigation by the Department on charges of child abuse. Based on these allegations, the court will assume for the purposes of this motion that plaintiff has alleged sufficient facts to demonstrate the existence of a liberty interest protected by the due process clause.

### III

■ Assuming the existence of a liberty interest, the court must determine whether *Parratt v. Taylor* precludes plaintiff's suit. Under *Parratt,* where a § 1983 action challenges mistakes made by a state employee, rather than the state procedures themselves, the court must consider the adequacy and availability of remedies under state law before concluding that a deprivation violates due process of law. *Toney-El v. Franzen,* 777 F.2d 1224, 1227 (7th Cir. 1985). Due process is denied only if the state fails to provide adequate procedures to correct potential errors. *Ellis v. Hamilton,* 669 F.2d 510, 514 (7th Cir.), *cert. denied,* 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982). When state law provides a plaintiff with remedies that are adequate and available, there is no due process violation. *Id.; see also Burch v. Apalachee Community Mental Health Services,* 804 F.2d 1549, 1557 (11th Cir. 1986) (state post-deprivation remedy sufficient where claim involved unauthorized failure of agents of state to follow state procedure); *Malachowski v. City of Keene,* 787 F.2d 704, 708 (1st Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 107, 93 L.Ed.2d 56 (1986) (mere alleged disregard of state law by state officials does not constitute a deprivation without due process when any deficiencies are readily correctible under state law in state court); *Cohen v. City of Philadelphia,* 736 F.2d 81, 86 (3d Cir.), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984) (where allegations concerned only unauthorized failure of state agents to follow procedures, errors do not deprive a plaintiff of due process so long as state provides a means of redress); *Albery v. Reddig,* 718 F.2d 245, 250 (7th Cir.1983) (no Fourteenth Amendment claim where adequate state procedures exist through which plaintiffs can seek relief). This circuit has applied *Parratt* to both deprivations of property and liberty. *See State Bank of St. Charles v. Camic,* 712 F.2d 1140, 1147 (7th Cir.) *cert. denied,* 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983).

■ There are certain exceptions to the application of this rule. *Parratt's* requirement that the court examine the adequacy of state remedies is inapplicable if plaintiff alleges: (1) state law provides no adequate

remedies, (2) the state procedures themselves are deficient, or (3) some substantive due process right was violated. *Akbaar-El v. Shelley,* 631 F.Supp. 1235, 1237 (N.D.Ill. 1986). In the instant case, plaintiff does not claim the state procedures themselves are deficient, nor does she allege some substantive due process right was violated.[3] However, she does argue that her remedies under state law are inadequate, although she points to no specific deficiencies, stating simply that this court is the proper forum for her claims because she has been denied her constitutional rights.

■■■■■ In assessing the adequacy of state remedies, the court should examine: (1) whether predeprivation remedies are or are not possible, and (2) whether post deprivation remedies are available and adequate. *Burch,* 804 F.2d at 1556 n. 11. In the present case, no predeprivation remedies are provided by DCFS rules, nor does the court believe that they are required in cases such as this involving suspected child abuse. First, a predeprivation hearing would not have protected plaintiff from the failure of DCFS to issue its "indicated" report within the time frames required by its rules. Second, whether a predeprivation hearing is necessary requires a balancing of the individual versus the government interests at stake. *D'Acquisto v. Washington,* 640 F.Supp. 594, 612 (N.D.Ill. 1986). Although an interest in employment is strong, *D'Acquisto,* 640 F.Supp. at 613, the state's interest in protecting children is "extraordinarily weighty." *Darryl H. v. Coler,* 801 F.2d 893, 902 (7th Cir.1986) and involves the need for immediate action. Where, as here, the state interest in quick action is particularly strong, a post deprivation hearing is constitutionally adequate. *D'Acquisto,* 640 F.Supp. at 612. Thus, predeprivation remedies are not possible in

these circumstances, and, in any event, would not serve to protect plaintiff from DCFS' failure to adhere to the time frames required by rules.

As to post deprivation remedies, there is no dispute that plaintiff has the right to pursue an administrative appeal and to seek judicial review when her administrative remedies are exhausted. *See* Ill.Admin.Code § 309.17; Ill.Rev.Stat. ch. 110, ¶ 3–101 *et seq.* Here, administrative appeal rights include the right to a hearing, the right to have counsel present at the hearing, the right to present and question witnesses, and the right to examine and copy information to be used by the Department at the hearing. Ill.Admin.Code § 309.17. Once plaintiff exhausts this remedy, under the Illinois Administrative Review Act, she is entitled to seek judicial review of the decision of the agency. Ill.Rev.Stat. ch. 110, ¶ 3–101 *et seq.* Although plaintiff does not have a right to the declaratory relief she seeks here under the Administrative Review Act, *Coles-Moultree Elec. Coop. v. Illinois Commerce Comm'n,* 131 Ill.App.3d 946, 87 Ill.Dec. 311, 476 N.E.2d 1303 (4th Dist.1985), what plaintiff essentially seeks in this court is a reversal of DCFS' decision to issue an "indicated" report, a remedy available to her in the Illinois courts. Ill.Rev.Stat. ch. 110, ¶ 3–111, *see Max M. v. Thompson,* 566 F.Supp. 1330, 1335 (N.D.Ill.1983) (Illinois Administrative Review Act empowers Illinois courts to affirm, reverse, or remand decision of administrative agency). Plaintiff will have a full opportunity both by way of administrative appeal and through judicial review to raise the issue concerning DCFS' failure to follow the time limitations described in its regulations. Illinois thus provides plaintiff with a post deprivation remedy sufficient to satisfy any constitutional requirements.[4]

3. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), relied on by plaintiff, involved a substantive Fourth Amendment claim which gives rise to a Section 1983 action regardless of the existence of state remedies. Plaintiff alleges no substantive claim under any provision of the Bill of Rights, nor can she claim a substantive due process right is involved. For a discussion of substantive due process rights, *see*

*Toney-El v. Franzen,* 777 F.2d 1224, 1226 (7th Cir.1985).

4. *Simmons v. Drew,* 716 F.2d 1160 (7th Cir. 1983), relied on by plaintiff, is inopposite. The issue in *Simmons* concerned whether there can be a deprivation when there is no demonstrable loss of benefits, an issue affirmatively decided by the Supreme Court in *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

The court therefore concludes plaintiff has adequate state remedies available to her.[5] "The enforcement of state regulations is to be done through the state court system and not in an action under § 1983." *Goodrich v. Newport News School Board,* 743 F.2d 225, 227 (4th Cir.1984). Accordingly, defendants' motion to dismiss is granted; this suit is dismissed.

So ordered.

---

**5.** Based on this holding, the court need not reach defendants' argument that they are protected from liability by the Eleventh Amendment. *Burch,* 804 F.2d at 1557 n. 15. The court notes, however, that the Eleventh Amendment bars even suits seeking declaratory relief, where there is no ongoing violation of federal law.

*Watkins v. Blinzinger,* 789 F.2d 474, 484 (7th Cir.1986); *cf. Elliott v. Hinds,* 786 F.2d 298 (7th Cir.1986) (injunctive relief seeking, *inter alia,* expungement of state records is not barred by Eleventh Amendment when goal is to compel state officials to cease actions in violation of federal law).