Phillip N. FALLS, Individually and d/b/a Fast Lane Foods, Plaintiff,

v.

TOWN OF DYER, INDIANA; Board of Trustees of the Town of Dyer, Indiana; Jean W. Freeland; Kenneth V. Tanis; Thomas G. Hoffman, in their capacity as Members of the Board of Trustees; Rosemary K. Delahunty, in her capacity as Zoning Administrator of the Town of Dyer, Indiana; Jean W. Freeland; Kenneth V. Tanis; Thomas G. Hoffman; Rosemary K. Delahunty, Individually; The Board of Zoning Appeals of the Town of Dyer, Indiana, Defendants.

Civ. No. H 87–643.

United States District Court,
N.D. Indiana,
Hammond Division.

June 24, 1988.

Fred W. Grady, Portage, Ind., for plaintiff.

Thomas L. Kirsch, Munster, Ind., Michael K. Lulich, Park Ridge, Ill., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

On November 14, 1987, plaintiff, Phillip N. Falls, Individually and d/b/a Fast Lane Foods, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this court's jurisdiction under Title 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4). The complaint is in three counts, forty-two paragraphs, and requests injunctive relief, money damages, and attorney fees under 42 U.S.C. § 1988. The defendants are the Town of Dyer, Indiana, a municipal corporation, organized and existing under the laws of the State of Indiana, together with the members of the Board of Trustees of said town. Also named as a defendant is the Zoning Administrator of the Town of Dyer, together with members of the Board of Zoning Appeals.

The complaint is challenged by the defendants by a motion to dismiss filed on January 19, 1988, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and also a motion to dismiss for lack of subject matter jurisdiction filed separately, but on the same date. Oral argument was heard in Hammond, Indiana on March 1, 1988. As provided in those proceedings, an opportunity was provided for the filing of supplemental authorities, which defendants did on March 15, 1988.

Dismissal of a complaint is only proper where "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claims which would entitle [him] to relief." *Fromm v. Rosewell*, 771 F.2d 1089, 1091 (7th Cir.1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed. 2d 80 (1957)). See also *Forys v. United Food & Commercial Worker's International Union*, 829 F.2d 603, 606 (7th Cir. 1987); and *Pryzina v. Ley*, 813 F.2d 821, 822 (7th Cir.1987). When the court of appeals for this circuit reviews the granting of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true. See *Reichenberger v. Pritchard*, 660 F.2d 280 (7th Cir.1981). See also *Harris v. Brock*, 835 F.2d 1190 (7th Cir. 1987). Further, when the court of appeals reviews the complaint, only factual allegations will be considered and alleged legal conclusions are not binding upon the court. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976).

Where a motion to dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (F.R.C.P.) and materials outside the motion to dismiss are presented to and not excluded by the court, then the motion to dismiss may be treated as a motion for summary judgment pursuant to Rule 56, F.R.C.P. See *First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, 837 F.2d 775 (7th Cir.1988); *Cange v. Stotler and Co., Inc.*, 826 F.2d 581 (7th Cir.1987); and *Winslow v. Walters*, 815 F.2d 1114 (7th Cir.1987). Thus, where a party moves for dismissal based upon the

pleadings alone, it will be considered a Rule 12(b)(6) motion for dismissal.

## II.

Certainly, plaintiff is entitled to the benefit of all favorable factual inferences from well-pleaded allegations. In that regard, it appears that the plaintiff entered into lease and contractual arrangements with regard to the operation of a 24-hour retail convenience store at 1235 Sheffield Avenue, Dyer, Indiana, on or about September 13, 1985. As a part of that business operation, on or about October 2, 1985, the plaintiff placed and installed certain portable signs used as a part of the advertising program for said business operation. In the early weeks of 1986, the Zoning Administrator of the Town of Dyer executed nine affidavits alleging violations by the plaintiff of the Dyer Sign Ordinance No. 83–46, Section 6C(9) which relate to the existence and location of the aforesaid portable signs at plaintiff's place of business. The relevant section of the Dyer sign ordinance is as follows:

*Prohibited Signs.* The following signs are expressly prohibited for erection, construction, maintenance, repair, alteration, location, or relocation within the Town of Dyer except as exempt under Section 1, paragraph NN:

(9) portable signs;

Thereafter, the aforesaid affidavits were docketed for enforcement in the Lake County Court, Division II at Crown Point, Indiana, under nine different cause numbers. The same were set for trial in the Lake County Court on May 27, 1986. In that court proceeding, plaintiff presented evidence and asserted that the aforesaid municipality had illegally discriminated against him in attempting to intentionally, purposely and arbitrarily enforce the aforesaid ordinance, in violation of plaintiff's due process and equal protection rights under the Fourteenth Amendment of the Constitution of the United States. On July 9, 1986, plaintiff was found not guilty in the Lake County Court with reference to the alleged violations of the Dyer Sign Ordinance. It is further alleged that the

manner in which the plaintiff utilized the signs was identical to and consistent with the way in which others similarly situated utilized their signs.

On July 28, 1986, the Zoning Administrator of the Town of Dyer again executed an affidavit alleging a violation of Dyer Sign Ordinance No. 83–46, Section 6C(9) relating to the plaintiff's continued use of an allegedly prohibited portable sign, for the purposes of advertising and marketing products and merchandise at the above-described location. This affidavit was a document for enforcement action in the Lake County Court, Division II under a single cause number, and was set for trial before that court on January 27, 1987. On November 10, 1986, the building inspector for the Town of Dyer, Indiana provided the plaintiff with written notice of an alleged additional violation of the Dyer Sign Ordinance under Section 6B(5), asserting that the plaintiff's use of the portable sign in a parking lot for purposes of advertisement was insecure, and demanding the removal of the sign within ten days of the notice. Section 6B(5) of the Dyer Sign Ordinance provides in pertinent part:

If the building inspector shall find that any sign or other advertising structure regulated herein is unsafe or insecure, or is a menace to the public, or has been constructed or erected or is being maintained in violation of the provisions of this section, or is no longer advertising a bona fide business conducted or product sold on the premises where the sign is located, he shall give written notice to the permittee thereof. If the permittee fails to remove or alter the structure so as to comply with the standards herein set forth within 10 days after such notice, such sign or other advertising structure may be removed or altered to comply by the building inspector at the expense of the permittee.

The plaintiff alleges that following the aforesaid notice, he secured the aforesaid sign located in the parking lot of his business establishment. On January 27, 1987, plaintiff and his representatives appeared before the Lake County Court in the trial relating to the use of a prohibited portable

sign for purposes of advertising and marketing. No trial was held because an agreement was reached whereby the plaintiff was to submit an application to the defendant Board of Zoning Appeals, seeking a variance of the Dyer Sign Ordinance to permit the plaintiff to construct and install a separate and independent free-standing, permanent pole sign on said premises for purposes of advertising and marketing products and merchandise. The application for variance was submitted to the Board of Zoning Appeals, and a hearing was scheduled on February 24, 1987. The application was granted and the plaintiff was permitted to construct an independent, free-standing permanent pole sign on the premises in question. Such was constructed and installed in accordance therewith. On June 29, 1987 through September 22, 1987, the Zoning Administrator of the Town of Dyer executed affidavits charging the plaintiff with four violations of Section 17(c) of the Dyer Town No. 83–46 Ordinance, alleging violations by the plaintiff of the conditions of the variance granted by the defendant, Board of Zoning Appeals on the basis of plaintiff's actions in utilizing advertising attachments to the independent, free-standing, permanent pole sign, and an advertising banner on the premises located at 1235 Sheffield Avenue, Dyer, Indiana, for the purposes of advertising and marketing products and merchandise. As a result of the same, an enforcement action was docketed in the Lake County Court under four cause numbers, and set for trial on November 24, 1987.

It is alleged that the attachments to the free-standing, permanent pole sign were identical to and consistent with the advertising attachments and banners utilized by the plaintiff's competitors and other businesses operating under similar circumstances in the Town of Dyer. As a result of the aforesaid actions, the plaintiff alleges that the Town of Dyer, its Board of Trustees, its Zoning Administrator, and its Board of Zoning Appeals, have engaged in intentional and purposeful discrimination in failing to enforce the provisions of the aforesaid sign ordinance against plaintiff in a fashion similar to that involving others similarly situated. The plaintiff alleges economical, personal and emotional damages.

## III.

■ Before taking up both the motion to dismiss for failure to state a claim, and the motion to dismiss for lack of jurisdiction, it is necessary to consider the issue of immunity, as defined in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That decision by its own terms seems to require that the issue of immunity must be heard before any decision is made on the merits. The very recent last word on this subject is the *en banc* opinion of Judge Wood in *Rakovich v. Wade, Drake & Kass*, 850 F.2d 1180 (7th Cir.1988). The relevant portions are at pages 1199–1214. Applying the reasoning and result of the majority in *Rakovich* (joined by eight judges without reservation) leads clearly and only to the decision here that all of these defendants, save the Town of Dyer, are entitled to immunity from any money damage claim. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

Because of the interplay between the standards for immunity provided in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and the question of the existence of a claimed constitutional right it is necessary here to also deal with the latter in the context of this case.

## IV.

■ Under *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the twin elements of a claim under § 1983 are the allegation of a constitutional violation by a defendant acting under color of state law, or as is commonly referred to, "state action," and damages springing from such constitutional violation. There can be no question here that the conduct of the defendants is under color of state law. Therefore, that leg of the *Baker* analysis is met. Thus, it leaves for careful in-depth consideration the question of whether or not there is a constitutional violation that is cognizable under the federal question jurisdiction of this court in a § 1983 case. The

defendants have certainly gotten over the historical hurdle in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), which held that cities were not included within the definition of "persons" referred to in § 1983. This development occurred ten years ago in *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which recognized that cities and similar municipal corporations are subject to liability for damages, as well as injunctive relief under § 1983. However, these preliminary hurdles are only the background and are not determinative of the key issue in this case. The key issue in this case is what, if any, constitutional rights of this plaintiff have been here violated by these defendants.

It must be noted that the plaintiff makes no claim that any of the ordinances of the Town of Dyer are unconstitutional on their face. In fact, no assertion is here made that such ordinances are constitutionally invalid as applied to the plaintiff.

The facts and legal issues in this case are most closely aligned with those in *Muckway v. Craft*, 789 F.2d 517 (7th Cir.1986), and, particularly Part II of the opinion of Judge Coffey beginning at page 519, in which speaking for the court, he engages in an extensive, current, and standard equal protection analysis. This court will not retrace those steps, but will simply quote the last sentence of his opinion at page 523, where it is stated:

> "Accordingly, we reject the Muckways' attempt to bootstrap their state law zoning claim into a federal court action by dressing it in the verbage of equal protection."

On this point, *Muckway* has been cited and followed by Judge Easterbrook, speaking for the court in *Carson v. Block*, 790 F.2d 562 (7th Cir.1986), where at page 565–66 it is stated:

> "Similarly, a federal court will not require a state to follow its own law, even though adherence to governing rules is an important ingredient in both due process and equal protection under the Fourteenth Amendment."

For further authorities following *Muckway*, see *Mosley v. Moran*, 798 F.2d 182 (7th Cir.1986).

Applying *Muckway* in *Eftekhara v. Ill. Dept. of Children and Family Services*, 661 F.Supp. 522, 526 (N.D.Ill.1987), Judge Leighton stated:

> "It is beyond dispute that the mere violation of a state statute or rule does not on its face state a federal constitutional claim. *Id.* Plaintiff has failed to allege that other persons similarly situated had investigations completed in a timely manner. Her failure to allege that the agency's administration of its rules resulted in classification of similarly situated persons because of purposeful discrimination on the part of the DCFS is fatal to her equal protection claim."

Finally, last year in *Christian v. Village of Maywood*, 656 F.Supp. 367 (N.D.Ill. 1987), Judge Moran stated:

> "Even if we could find an allegation of personal injury in the hint of prosecution for violations, plaintiffs still have not pled that the unlawful conduct of which they complain, namely nonenforcement of the code against others, caused their own injury. Moreover, we do not see how they could. The requirement that the injury be traceable to the conduct complained of is essentially a test for causation. *Allen [v. Wright]*, 468 U.S. [737] at 757–759, 104 S.Ct. [3315] at 3327–3329 [82 L.Ed.2d 556 1984]. We simply do not see how Maywood's failure to enforce the code against itself could possibly *cause* the prosecution of plaintiffs for code violations. *See id.* at 759–760, 104 S.Ct. at 3328–3329; *Muckway*, 789 F.2d at 521. *Thus not only does no equal protection claim arise from the alleged selective nonenforcement; plaintiffs also allege no injury which is fairly traceable to the nonenforcement. We can think of no facts which could be proved consistent with the allegation of nonenforcement which would state a claim.* Count I must be dismissed. (emphasis added)

Count II suffers from similar problems. A municipality's failure to follow

state law or its own codes or procedures, without more, does not constitute denial of a federal constitutional right. *Muckway*, 789 F.2d at 522; *Albery v. Reddig*, 718 F.2d 245, 251 (7th Cir.1983) (dismissing complaint based on failure to grant building code variance). Thus the alleged noncompliance with Illinois statutes simply does not state a federal due process claim."

In a case pre-dating *Muckway*, rationalized primarily on substantive due process grounds, Judge Cudahy, speaking for the court in *Albery v. Reddig*, 718 F.2d 245 (7th Cir.1983), concluded his substantive due process analysis as follows:

"The idea that constitutional rights are implicated in this quarrel over the zoning rules is not one to which we would like to become accustomed."

There, as in *Muckway*, the dismissal of the complaint was upheld.

In *Brown v. Brienen*, 722 F.2d 360, 364 (7th Cir.1983), the court stated:

"We must bear in mind that the Fourteenth Amendment was not intended to shift the whole of the public law of the states into the federal courts."

See also *S & D Maintenance Company, Inc. v. Goldin*, 844 F.2d 962 (2d Cir.1988).

There are simply no allegations here that would permit proof of violation of a federal constitutional right under § 1983. The complaint with reference to the same is now DISMISSED. To the extent that this complaint alleges claims based on state law violations, the same is DISMISSED WITHOUT PREJUDICE. Costs assessed against the plaintiff. IT IS SO ORDERED.