**Leonard FORYS and Janet Forys, Plaintiffs,**

**v.**

**SWIFT INDEPENDENT PACKING COMPANY, Self-Insurers Benefit Services, a Corporation, Ryan Insurance Group, a Corporation, Beth Elkin and United Food and Commercial Worker's International Union, AFL–CIO and CLC, a Voluntary Unincorporated Association, Defendants.**

**Civ. No. 85–3205.**

United States District Court,
S.D. Illinois,
East St. Louis Division.

May 23, 1986.

John J. Kurowski, Belleville, Ill., for plaintiffs.

Donald J. Dahlmann, Walker & Williams, Belleville, Ill., Lawrence J. Casazza, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Sharon A. Jarosz Knapp, Carr, Korein, Kunin, Schlichter and Brennan, East St. Louis, Ill., Irving M. King, Wesley G.S. Kennedy, Cotton, Watt, Jones & King, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on defendant United Food and Commercial Worker's International Union's (Union) motion to dismiss or strike (Document No. 29). Plaintiffs are employees of co-defendant Swift Independent Packing Company (Swift) and beneficiaries of Swift's health insurance plan which is governed by the Employee Retirement Income Security Act of 1974 (ERISA).

Between September 6, 1982 and January 26, 1984 plaintiffs incurred medical, hospital, surgical, and doctor bills on behalf of their now-deceased daughter, totaling $591,083.26. The Swift plan covered $551,211.24 of these expenses, leaving unpaid a

balance of $39,872.02. The plaintiffs allege in Counts II and III of their amended complaint that by virtue of the Union's discretionary responsibilities over the Swift health plan, it is a fiduciary as defined by ERISA, and that the Union breached its fiduciary duties owed to the plaintiffs. Plaintiffs further demand punitive damages, damages for emotional distress, a jury trial, and attorney's fees.

The Union denies that its responsibilities regarding Swift's health plan confer a fiduciary status as contemplated by ERISA, 29 U.S.C. § 1002(21)(A)(iii). The Union further submits that even if it is a proper defendant, ERISA allows neither punitive damages or damages for emotional distress, nor does it require that a jury trial be afforded the plaintiffs. The Union mistakenly has moved to dismiss Count I in addition to Counts II and III. Since the plaintiffs have not named the Union as a defendant in Count I the Court has disregarded the argument relating to this Count.

Section 3(21) of ERISA defines a fiduciary. In relevant part, action 3(21) provides:

> (A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under Section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21). The plaintiffs contend that the Union is a fiduciary as a result of subsection (iii). Thus, the Union herein is a fiduciary with respect to a plan to the extent it has any discretionary authority or discretionary responsibility in the administration of the plan.

Section 11 of Swift's health insurance plan provides that section 42 of the Master Agreement between Swift and the Union governs the claims handling procedure in situations such as the one presented here. Three paragraphs of section 42 of the Master Agreement are pertinent in the instant case:

> ■ The company will designate a representative ... at each plant who will be available for consultation with beneficiaries or a Local Union representative ... with respect to the disposition of claims.

> ■ In the event the beneficiary or the Local Union representative is not satisfied with the outcome of the consultation, the Local Union representative may refer the matter to the International Union for discussion with the Director of the Industrial Relations Department of the Company....

> ■ In the event no decision is reached in the above step, the International Union may submit the matter to the Arbitrator, whose decision shall be final and binding on all parties above.

Once the Union receives a benefit complaint from its Local, section 42 of the agreement *requires* that the Union discuss the matter with Swift's Director of Industrial Relations. One of two courses of action follow these conferences. (1) The union will agree with Swift's position or it will reach a compromise, on behalf of the employee, with Swift. The matter is pursued no further or; (2) The union will disagree with Swift or be unable to compromise. When this happens, section 42 vests the Union with the sole power to refer the matter, on behalf of the employee, to binding arbitration *if it so chooses.*

In the instant case, the Union chose not to refer the case to the arbitrator, thus effectively and permanently denying plaintiffs' claim. After the Union's conference with Swift's Director of Industrial Relations, the denial of the claim was final upon the Union's determination that it would not

seek arbitration. Once the Union made that choice, the denial became permanent; whereas, if the claim had been placed before the arbitrator it had an undetermined chance of being granted. The plaintiffs contend that by exercising its discretion in the claims handling procedure, the Union can affect the outcome of a claim for benefits under the Swift employment plan, even though the Union has no actual control of the plan's funds. As a result of such discretion, the Union is a fiduciary.

Defendant Union urges that the authority granted the Union by section 42 is no greater than that assumed by a Union representative in any grievance process; and because the Union is not ultimately responsible for deciding the merits of beneficiaries' claims its authority is not "discretionary" as contemplated by ERISA. To support this point, the Union asserts that the plain language of section 42 permits it only to *present* the claim to Swift, not to grant or deny that claim. The Union additionally urges that it should not be held to the fiduciary standard imposed by ERISA since that standard is meant only to be applied to those who manage or administer *the plan* as opposed to those who deal with beneficiaries of the plan.

Neither party has presented the Court with a case on point, nor could the Court find one. In *United Ind. Flight Officers v. United Air Lines,* 756 F.2d 1262 (7th Cir. 1985), the Seventh Circuit held that a Union was not a fiduciary within the meaning of ERISA while it was negotiating terms and conditions of future pension benefits. The Seventh Circuit reasoned that "the duties imposed on a fiduciary are inconsistent with the demands of negotiation and collective bargaining." *Id.* at 1268. The Court went on to say that "[w]hile the Union does owe a duty of fair representation to its members, ... it does not control, nor is it in a position to oversee, the employer's contributions to the fund." *Id.* (quoting *Rosen v. Hotel & Restaurant Employees Union, Local 274,* 637 F.2d 592, 599 n. 10 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981).

In the instant case, the Court does not believe that the responsibility imposed on the Union under the plan confers fiduciary status on it under ERISA. Pursuant to the Master Agreement, the Union has a duty to represent the claimant. This duty is identical to the duty imposed under most collective bargaining agreements. If the plaintiffs feel the Union did a poor job in representing their interests, or that the Union and the company conspired to deny them their benefits, the Labor Management Relations Act (LMRA) provides the plaintiffs with a avenue to pursue their claim. *See* 29 U.S.C. § 185.

The only discretion granted the Union concerns its representation of the plaintiffs after the Company denies a claim. The Union cannot grant the benefits sought nor can it deny them. Its discretion lies only in its ability to forego arbitration. Under the plaintiffs' theory, the Union, owing a fiduciary duty to each claimant, would be compelled to take every dispute to arbitration, a result obviously not contemplated by the Master Agreement or desired under ERISA. The purpose in conferring fiduciary duties on those persons who posses discretion under a plan is to compel them to act solely in the best interests of the participants in and beneficiaries of the plan. *Id.* Because foregoing arbitration could never be in the best interests of the claimant, the Union would always face a breach of fiduciary duty suit when it exercised the very discretion that the plaintiffs maintain mandates a finding of a fiduciary status. Congress could not have intended such a result even under the broad language of ERISA.

The plaintiffs problems lies in the fact that the Master Agreement does not provide for mandatory arbitration. Maybe the Union should have negotiated for such a provision. However, as the Seventh Circuit stated in *United Air Lines,* a Union is not a fiduciary in the negotiating process.

For these reasons, the Court holds that the Union is not a fiduciary under ERISA. Based on this ruling, the Court need not address the damages and jury issues.

Accordingly, the Court GRANTS the defendant Union's Motion to Dismiss or Strike (Document No. 29). The Court hereby DISMISSES the plaintiffs' claims against the Union.

IT IS SO ORDERED.