793 F.2d 807
 55 USLW 2012, 55 USLW 2052, 7
Employee Benefits Ca 1660
 Richard L. FREE, Plaintiff-Appellant, Cross-Appellee,
v.
Louis J. BRIODY, individually and as trustee and member of
the committee under the Gilbert-Hodgman, Inc.,
Salaried Employees' Profit Sharing Plan
and Trust, Defendant-Appellee,
Cross-Appellant.
 Nos. 85-2398, 85-2399.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 16, 1986.
Decided June 11, 1986.
 
 Lee T. Polk, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for plaintiff-appellant, cross-appellee.
 Hedberg, Tobin, Flaherty & Whalen, Edward J. Whalen, Mark T. Piazza, Chicago, Ill., for defendant-appellee, cross-appellant.
 Before WOOD, POSNER and FLAUM, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 Louis Briody, the defendant in this case, was one of two trustees of a corporate pension plan. Richard Free, a former employee of the corporation, brought suit against Briody (and the other trustee) in a federal district court under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1001 et seq., charging breach of trust. The court held the two trustees jointly and severally liable for almost $80,000 in losses incurred by the pension fund as a result of the breach. We upheld this judgment. 732 F.2d 1331 (7th Cir.1984). The judgment was not paid, and Free undertook efforts, as yet unsuccessful, against both defendants to collect the judgment. Briody has mounted a determined, one might even say a defiant, resistance to these efforts. When, early in 1983, Free served a wage deduction summons on Briody's employer, Briody Insurance Services, Inc., Briody--who is president and a one-third owner of BIS--simply had the company stop paying him any compensation. Other collection proceedings met with no greater success. Briody transferred property to his wife to escape a levy of execution, and Free went into court and obtained a preliminary injunction to set aside the transfers as fraudulent.
 
 
 2
 In September 1984 Free applied to the district court for an award of attorney's fees for the efforts at collection that he had undertaken between October 1, 1982, and August 31, 1984. The court awarded him $18,671.89. Briody has appealed from this award and Free has cross-appealed from the court's denial of an additional $4,530.75 that he had sought.
 
 
 3
 The first question, one of first impression, is whether ERISA authorizes an award of attorney's fees for work in collecting a judgment rendered under ERISA. "In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. Sec. 1132(g)(1). The district court back in 1982 awarded Free more than $40,000 for attorney's fees that he had incurred in prosecuting the action to a successful judgment; and that award has never been contested (or, for that matter, paid). The issue here is fees for postjudgment proceedings to collect the ERISA judgment. We see no technical objection to fitting such an award under the statute. The judge retained jurisdiction of the case, as he was empowered to do, to supervise compliance with the judgment. Hence the fees he has awarded for the collection efforts have been awarded in the ERISA action itself. Nothing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality. The judge as we said retained jurisdiction. Thus the entry of the judgment was just one way station on the long road from the filing of the complaint to the collection of the judgment. Fees for efforts to realize on judgments are often awarded in civil rights cases, see Balark v. Curtin, 655 F.2d 798, 802-03 (7th Cir.1981), and though ERISA has a less pronounced plaintiff's orientation than the civil rights statutes, see Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 829 (7th Cir.1984), we do not think the difference should affect the present issue. The point is that the entry of judgment is not the end of the litigation; in this case, it may not even be the beginning of the end. It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal.
 
 
 4
 Next Briody argues that it was an abuse of discretion in the circumstances for the judge to award attorney's fees for Free's efforts to collect the judgment. In an effort to give some particularity to the undefined statutory standard for awarding attorney's fees in ERISA cases, we held in Bittner that fees should be awarded to the prevailing party whenever the loser's position in the litigation was not substantially justified, unless special circumstances would make an award unjust. 728 F.2d at 830. Briody's efforts to resist collection of the judgment, far from being substantially justified, have, so far as we can determine, no justification whatever; they were undertaken in bad faith; they are pure stonewalling. According to his own statement, Briody, while paying no part of the judgment, was able to find $44,000 to give his wife to build a swimming pool at their summer home. Maybe some of the $44,000 went for other things. It hardly matters. The evidence of bad faith is overwhelming. Briody is making a mockery of the judicial system by forcing Free to incur legal expenses that, before he is through, will probably far exceed the amount of the original judgment.
 
 
 5
 Briody's further complaint that the fees are excessive in relation to the work done by Free's lawyers has no merit. In one respect, however, we think the district judge erred in Free's favor. The judge awarded $2,793 for fees incurred in a matter to which Briody was not a party--Free's effort to make the pension fund whole through insurance when the judgment against Briody and the other trustee could not be collected. Such expenses were a consequence of Briody's breach of trust and of his resistance to paying the judgment, it is true, but they were not attorney's fees as the term is used in statutes that provide for awarding attorney's fees to parties to litigation. Such statutes are designed to compensate a party for the costs of litigation, not costs somehow consequent upon litigation. If Free had developed a psychiatric illness as a result of Briody's obdurate refusal to pay any part of the judgment, and had retained a lawyer to press a claim for benefits for the disability resulting from the illness, the lawyer's fee would not be recoverable under an attorney fee shifting statute. Cf. Brandt v. Superior Court, 37 Cal.3d 813, 816-19, 210 Cal.Rptr. 211, 213-215, 693 P.2d 796, 798-800 (1985); Biundo v. Old Equity Life Ins. Co., 662 F.2d 1297, 1299 (9th Cir.1981); Dinkins v. American Nat'l Ins. Co., 92 Cal.App.3d 222, 234-35, 154 Cal.Rptr. 775, 782-83 (1979). This case is only a little less remote from the purposes of such statutes. Because the judgment could not be collected, various consequences ensued including the effort to realize on the insurance that the pension plan had, and those consequences included legal expenses. But these were not expenses incurred in the collection efforts against Briody; they were expenses incurred in an alternative path to repairing the damage he had done. If recoverable at all they are recoverable as damages from the breach of trust, not as attorney's fees for the litigation against the trustee--litigation of which the collection proceedings were, as we have stressed, merely the last act (or perhaps last several acts). Cf. Makofsky v. Cunningham, 576 F.2d 1223, 1233-34 (5th Cir.1978).
 
 
 6
 Finally, on Free's cross-appeal, we agree that the judge abused his discretion in denying the $4,530.75 in additional fees that Free sought. These fees were incurred during a period of about one month following the district court's decision on October 1, 1982, finding that Briody had breached his trust. In that decision the district court set a date of October 12 for the submission by Free of his request for attorney's fees. In submitting the request Free pointed out that the request could not include expenses incurred after September 30, because such expenses either had not yet been incurred or had not yet been processed in the law firm's computerized billing system. Later, of course, the judge awarded attorney's fees for the postjudgment collection efforts, but he unaccountably refused to do so for the first month's efforts, on the ground that the request was untimely. But it could not have been made any earlier. The matter must therefore be remanded to correct the amount of fees awarded to Free, in accordance with this opinion. By our calculations Free is entitled to $20,409.64, rather than the $18,671.89 awarded by the district judge.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.