824 F.2d 817
 107 Lab.Cas. P 10,139
 TRUSTEES OF the COLORADO STATEWIDE IRONWORKERS (ERECTOR)
JOINT APPRENTICESHIP AND TRAINING TRUST FUND; Trustees of
the Colorado Iron Workers Pension Fund; Trustees of the
Iron Workers Welfare Plan of Colorado, Plaintiffs-Appellees,
v.
A & P STEEL, INC., a Colorado corporation, and the Western
Casualty and Surety Company, a Kansas corporation,
Defendants-Appellants.
 No. 84-1489.
 United States Court of Appeals,
Tenth Circuit.
 July 27, 1987.
 
 Timothy J. Parsons, Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, Colo., for plaintiffs-appellees.
 M. Edward Taylor (James E. Hautzinger with him on the brief), Sherman & Howard, Denver, Colo., for defendants-appellants.
 Before McKAY, ANDERSON and BALDOCK, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This matter is before the court on petitions for rehearing filed by both parties, with a suggestion for rehearing en banc filed by A & P Steel, Inc. Plaintiffs-Appellees, the Trustees of the Colorado Statewide Ironworkers (Erector) Joint Apprenticeship and Training Trust Fund; Trustees of the Colorado Iron Workers Pension Fund; and Trustees of the Iron Workers Welfare Plan of Colorado ("Trustees"), brought an action against A & P Steel to collect unpaid contributions to employee fringe benefit trust funds. Jurisdiction of the action was asserted under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1132, as amended. The district court found jurisdiction to lie under those statutes, and there has been no contention to the contrary. At the conclusion of the proceedings below, the district court ruled in the Trustees' favor and awarded judgment against A & P as follows: $62,580.07 in delinquent contributions, plus interest; $52,513.02 in interest on the delinquent contributions to the day of trial; $52,513.02 in liquidated damages; $68,462.70 in attorneys' fees; and $5,144.12 in costs. A & P appealed contending that it was not obligated to make the contributions in question. In its briefs, A & P did not contest either the award or the reasonableness of attorney's fees and costs. We affirmed in part, reversed in part, and remanded for a recalculation of damages. Trustees of the Colorado Statewide Ironworkers (Erector) Joint Apprenticeship and Training Trust Fund v. A & P Steel, Inc., 812 F.2d 1518 (10th Cir.1987). Subsequently, both parties filed petitions for rehearing, with a suggestion by A & P for en banc consideration of its petition.
 
 
 2
 The materials submitted by A & P have been reviewed by the members of the hearing panel, who concluded that the original disposition was correct. Accordingly, the petition is denied on the merits.
 
 
 3
 The petition having been denied on the merits by the panel to whom the case was submitted, and no member of the panel or judge in regular active service on the court having requested that the court be polled, the suggestion by A & P for rehearing en banc is denied.
 
 
 4
 The Trustees' petition for rehearing is denied in part and granted with respect to the question of attorney's fees and costs on appeal.
 
 
 5
 The Trustees seek an award of attorney's fees and costs on appeal pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. Sec. 1132(g)(2)(D). That section provides:
 
 
 6
 (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (D) reasonable attorney's fees and costs of action to be paid by the defendant.
 
 
 10
 The statutory provision in question is mandatory, and requires an award of reasonable attorney's fees and costs "[i]n any action ... in which a judgment in favor of the plan is awarded." Id. See Operating Engineers Pen. Trust v. Cecil Backhoe, 795 F.2d 1501, 1508 (9th Cir.1986); Kemmis v. McGoldrick, 706 F.2d 993 (9th Cir.1983). See also May v. Interstate Moving & Storage Co., 739 F.2d 521, 525 (10th Cir.1984) (dicta).
 
 
 11
 A & P contests the applicability of the statute to appeals generally. It also contends that the statute does not apply to fees and costs incurred by the Trustees in this appeal because the judgment on appeal was less favorable to the Trustees than the district court judgment. We reject both of those contentions. The mandatory award of fees and costs under 29 U.S.C. Sec. 1132(g)(2)(D) includes reasonable fees and costs on appeal where the outcome is favorable to the plan or plans. See Operating Engineers Pen. Trust v. Cecil Backhoe, 795 F.2d at 1508; Carpenters Amended and Restated Health Benefit Fund v. John Ryan Constr. Co., Inc., 767 F.2d 1170, 1176 (5th Cir.1985); Plumbers Pension Fund v. Domas Mechanical Contractors, 778 F.2d 1266, 1271 (7th Cir.1985).
 
 
 12
 The fact that there was a partial reversal on appeal in this case does not mean the outcome was unfavorable to the Trustees. To the contrary, A & P challenged the entire award by the district court and the Trustees substantially prevailed against that challenge, opening the way to a sizable recoupment of delinquent contributions. We hold that pursuant to the mandate of 29 U.S.C. Sec. 1132(g)(2)(D), the Trustees are entitled to recover their attorney's fees and costs incurred in this appeal. Such fees and costs must be reasonable in amount. See generally May v. Interstate Moving & Storage Co., 739 F.2d 521 (10th Cir.1984).
 
 
 13
 We have heretofore remanded this case to the district court for a redetermination of the damages awarded. On remand the district court is directed to determine the amount of reasonable attorney's fees and costs on appeal. Such determination should include consideration of any permissible elimination of fees and costs relating to that portion of the appeal in which the Trustees were unsuccessful. Furthermore, in its redetermination of damages required by the partial reversal in this case, the district court should also consider the extent, if any, to which previously awarded attorney's fees should be modified.
 
 
 14
 A & P filed no motion for attorney's fees under 29 U.S.C. Sec. 1132(g)(1) in connection with the outcome of this appeal. It is, of course, permitted to file a motion in the district court. However, we express no opinion with respect to possible attorney's fees available to A & P pursuant to 29 U.S.C. Sec. 1132(g)(1) regarding its partial victory in this case. See Gordon v. United States Steel Corp., 724 F.2d 106 (10th Cir.1983).
 
 
 15
 REMANDED.