Leonard **FORYS** and Janet Forys,
Plaintiffs-Appellants,

v.

UNITED FOOD AND COMMERCIAL WORKER'S INTERNATIONAL UNION, AFL–CIO, AND CLC, Defendant-Appellee.

No. 86–2392.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1987.

Decided Sept. 4, 1987.

Rehearing and Rehearing En Banc
Denied Oct. 13, 1987.

Charles Courtney, John J. Kurowski, P.C., Belleville, Ill., for plaintiffs-appellants.

Wesley Kennedy, Cotton, Watts, Jones & King, Chicago, Ill., for defendant-appellee.

Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

This case presents the question of whether United Food and Commercial Worker's International Union, AFL–CIO and CLC (Union) is a fiduciary under the Employee Retirement Income Security Act of 1974 (ERISA), § 3(21), 29 U.S.C. § 1002(21). The appellants, Leonard Forys and Janet Forys, alleged in their amended complaint that the Union violated its discretionary responsibilities in representing the appellants' interests in recovering benefits from their employer's, Swift Independent Packing Company (Swift), health plan. The district court granted the Union's motion to dismiss. It held that the Union was not a fiduciary under ERISA. For the reasons set forth below, we affirm the judgment of the district court.

I

Facts

Because we are reviewing a motion to dismiss, we must accept as true the well-pleaded facts in the complaint. The appellants, at the time this cause of action arose, were employees of Swift and beneficiaries of Swift's health insurance plan. The plan is an "employee welfare benefit plan" within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). The appellants, husband and wife, were the parents of Lynn Ann Forys. Lynn Ann Forys was hospitalized in an intensive care unit from September 6, 1982 until June 14, 1983, and from August 27, 1983 until her death on January 26, 1984. As a result of this hospitalization, the appellants incurred medical bills totaling $591,083.26. The health care plan provided that it would pay the full rate for time in the intensive care unit without any maximum limitation. The plan provided benefits to the appellants in the amount of $551,211.24, but denied reimbursement for the remaining $39,872.02 of the medical expenses.

The appellants originally filed this action to collect the unpaid benefits. The appellants further sought relief in the form of attorneys' fees, damages for emotional distress, and punitive damages. Amended Complaint and Jury Demand; R.16. The appellants later effected a settlement with the other parties who were originally named as defendants in this action.[1] The settlement agreement essentially provided that the medical creditors, St. Louis Children's Hospital and Washington University School of Medicine, would release from liability the appellants and all of the defendants (except for the Union) for the medical treatment of Lynn Ann Forys. As part of the settlement agreement, the defendants also paid $4,000 toward the appellants' attorneys' fees. Settlement Agreement, R.42, Ex. B; R.60.[2]

---

1. The other parties that were originally named as defendants in this action were Swift Independent Packing Company, Elizabeth J. Elkin, Self-Insurers Benefit Services and Ryan Insurance Group.

2. Although the appellants are no longer liable to the medical creditors for their daughter's medical expenses, this case is not moot because the

appellants seek damages for emotional distress, punitive damages and attorneys' fees against the Union. Our disposition of this case makes it unnecessary for us to decide these claims on appeal. However, we note that while the appellants most likely would be unable to recover punitive damages or extra-contractual damages for emotional distress under ERISA, *see Klein-*

Section 11 of Swift's health insurance plan provides that paragraph 42 of the collective bargaining agreement between Swift and the Union governs the handling of claims for benefits under the health insurance plan. Paragraph 42 of the collective bargaining agreement provides, in pertinent part:

> The Company will designate a representative or representatives at each plant who will be available for consultation with beneficiaries or a Local Union representative or representatives with respect to the disposition of claims.

> In the event the beneficiary or the Local Union representative is not satisfied with the outcome of this consultation, the Local Union representative *may* refer the matter to the International Union for discussion with the Director of the Industrial Relations Department of the Company or his or her designated representative.

> In the event no decision is reached in the above step, the International Union *may* submit the matter to the Arbitrator, whose decision shall be final and binding on all parties above. In making said decision, the Arbitrator shall be governed by the provisions of this contract and restricted to its application to the facts presented to him involved in the matter.

R.16, Ex. A at 1–2 (emphasis supplied).

The Union in this case followed the procedures mandated by the collective bargaining agreement by conferring with Swift's Director of Industrial Relations. However, the Union chose not to refer the case to an arbitrator. Consequently, the denial of benefits became final under the plan. The appellants argue that the Union's liability stems from its failure to seek arbitration of their claim.

## II

### The District Court Opinion

The district court held that the Union was not a fiduciary under ERISA. The district court reasoned that the Union was not a fiduciary because it did not exercise sufficient discretionary responsibility in the administration of the plan to be considered a fiduciary under ERISA, § 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii). The district court noted that "[t]he only discretion granted the Union concerns its representation of the plaintiffs after the Company denies a claim. The Union cannot grant the benefits sought nor can it deny them. Its discretion lies only in its ability to forego arbitration." *Forys v. Swift Indep. Packing Co.*, 634 F.Supp. 963, 965 (S.D.Ill.1986). The district court further reasoned that:

> Because foregoing arbitration could never be in the best interests of the claimant, the Union would always face a breach of fiduciary duty suit when it exercised the very discretion that the plaintiffs maintain mandates a finding of a fiduciary status. Congress could not have intended such a result even under the broad language of ERISA.

*Id.* Accordingly, the district court granted the Union's motion to dismiss.

## III

### Analysis

#### A. *The Contentions of the Parties*

The appellants contend that under section 3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii), the Union is a fiduciary. ERISA defines a fiduciary as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary

*hans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 627 (7th Cir.1987) ("punitive damages are not recoverable under § 1132(a)(3) of ERISA"); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145–48, 105 S.Ct. 3085, 3092–94, 87 L.Ed.2d 96 (1985) (no private right of action to recover extra-contractual damages under section 409 of ERISA); *Sokol v. Bernstein*, 803 F.2d 532, 538 (9th Cir.1986) (section 502(a)(3) of ERISA does not provide for extra-contractual damages, including damages for emotional dis-

tress), the appellants would have a cause of action for attorneys' fees. *See Free v. Briody*, 793 F.2d 807, 808 (7th Cir.1986) (holding that ERISA authorizes an award of attorneys' fees for work in collecting a judgment under ERISA); 29 U.S.C. § 1132(g)(1) ("In any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.")

with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has *any discretionary authority or discretionary responsibility in the administration of such plan....*

29 U.S.C. § 1002(21)(A) (emphasis supplied). The appellants argue that the Union possesses discretionary authority because only the Union can decide whether to submit the beneficiaries' claim to the arbitrator.

The appellee contends that by the plain terms of the ERISA statute, the fiduciary status under ERISA refers only to a party's relationship and obligations to an employee benefit plan, not to a particular beneficiary under such a plan. The appellee maintains that "[f]or the union to be a 'fiduciary' with respect to plaintiffs' claim for benefits, the Union would have to possess the discretionary authority to *grant* or *deny* those benefits." Appellee's Br. at 12 (emphasis in original). The appellee further claims that the collective bargaining agreement provides a remedy for unlawful denial of a beneficiary's claim because, after exhausting the plan's claims processing procedure, the beneficiary is entitled to bring suit against Swift to enforce the terms of the plan.

## B. *The Standard of Review*

The district court decided this case on the Union's motion to dismiss for failure to state a claim. In reviewing the district court's dismissal, the factual allegations in the plaintiffs' complaint must be accepted as true. *International Caucus of Labor Comm. v. City of Chicago*, 816 F.2d 337,

340 (7th Cir.1987). "[D]ismissal is therefore only proper where 'it appears beyond doubt that [the plaintiffs] can prove no set of facts in support of [their] claims which would entitle [them] to relief.'" *Pryzina v. Ley*, 813 F.2d 821, 822 (7th Cir.1987) (per curiam) (quoting *Fromm v. Rosewell*, 771 F.2d 1089, 1091 (7th Cir.1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986)). Accordingly, we review the district court's holding *de novo*.

## C. *The Meaning of "Fiduciary" Under ERISA*

The statutory language defining "fiduciary" under ERISA does not yield a precise answer to the issue before us. We are required, therefore, to interpret that language in order to effectuate the congressional purpose in enacting ERISA.

Our first step must be to narrow the focus of our inquiry. This court has stated that "[a] person is a fiduciary for purposes of ERISA to the extent that he or she exercises discretion over the management of plan assets, renders investment advice for a fee or exercises discretionary control over the administration of a plan." *Thornton v. Evans*, 692 F.2d 1064, 1077 (7th Cir.1982); *see also Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir.1987). There is no allegation in this case that the Union is a "named fiduciary" under 29 U.S.C. § 1102(a)(2).[3] The regulations providing questions and answers relating to fiduciary responsibilities under ERISA state that "[a] fiduciary with respect to the plan who is not a named fiduciary is a fiduciary only to the extent that he or she performs one or more of the functions described in section 3(21)(A) of the Act." 29 C.F.R. § 2509.75–8, at 571 (1986). In this case, the Union exercised no discretion over the management of the plan's assets nor did it offer investment advice. Its status as a fiduciary under ERISA, therefore, could

---

**3.** Under ERISA, "the term 'named fiduciary' means a fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employ- ee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly." 29 U.S.C. § 1102(a)(2).

arise only from its exercise of discretion in administering the plan.

■ In our view, on the facts of this case, the Union cannot be said to administer the plan within the meaning of section 3(21)(A)(iii). The obligation of the Union pursuant to the collective bargaining agreement to present the claims of its individual members when they apply for benefits is an obligation that the Union has to its individual members—not to the fund. Such activity does not constitute *administration* of the fund. Rather, it constitutes *representation* of the interests of individual members. As the district court noted, "[t]he only discretion granted the Union concerns its representation of the plaintiffs after the Company denies a claim. The Union cannot grant the benefits sought nor can it deny them. Its discretion lies only in its ability to forego arbitration." *Forys,* 634 F.Supp. at 965. In a somewhat analogous context, this court has already held that a Union's representation of the interests of its members should not be confused with the role of a fiduciary of the fund. In *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.,* 756 F.2d 1262 (7th Cir.1985), the court held that a Union is not a fiduciary when "it is negotiating the terms and conditions of future pension benefits...." *Id.* at 1268. A union negotiator, the court noted, has a singular *representative* role—to "make such concessions and accept such advantages as ... will best serve the interests of the parties represented." *Id.* (quoting *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953)); *see also United Indep. Flight Officers, Inc. v. United Air Lines, Inc.,* 756 F.2d 1274, 1280 (7th Cir. 1985).

We have reviewed in detail the relevant legislative history and agency regulations. As the parties' submissions to us also make clear, none of this material deals directly with the issue presented by the appellants. This absence of any discussion of the issue in the legislative history or the agency regulations cannot be overlooked. It makes it quite clear that Congress, in enacting the legislation, and the administrator, in effec-

tuating the congressional intent, have taken a distinctly different view of the role of a fiduciary than that offered by the appellants. "The clear focus of the ERISA fiduciary provisions is on the management of the pension plan itself for the interests of the participants and beneficiaries, not upon conduct directed to a particular employee." *Cowden v. Montgomery County Soc'y for Cancer Control,* 591 F.Supp. 740, 753 (S.D. Ohio 1984). As noted in the House Report, "a fiduciary is a person who exercises any power of control, management or disposition with respect to monies or other property of an employee benefit fund, or has the authority or responsibility to do so." H.R. Rep. No. 533, 93rd Cong., 2d Sess. 11, *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 4649.

Our understanding of the role of the ERISA fiduciary is further supported by the Supreme Court's analysis of the statutory scheme in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985):

A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.

It is of course true that the fiduciary obligations of plan administrators are to serve the interest of participants and beneficiaries and, specifically, to provide them with the benefits authorized by the plan. But the principal statutory duties imposed on the trustees relate to the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest.

*Id.* at 142–43, 105 S.Ct. at 3090–91 (footnotes omitted); *see also Sokol v. Bernstein,* 803 F.2d 532, 535–36 (9th Cir.1986).

■ Therefore, we conclude that, when a Union performs *solely* the task of presenting the claims of its individual members to the fund, in accordance with the terms of the collective bargaining agreement, it is

not a fiduciary under ERISA.[4] Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

**4.** We stress that we are not asked to decide whether a Union or union officials performing any other duties with respect to the processing of claims are fiduciaries. *See generally Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148–58, 105 S.Ct. 3085, 3094–99, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring). Nor are we asked to decide the liability of the Union under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.