876 F.2d 852
 SHEET METAL WORKERS HEALTH AND WELFARE TRUST FUND; Sheet
Metal Workers Local No. 9 Pension Trust Fund; Sheet Metal
Workers Local No. 9 Vacation Trust Fund; Sheet Metal
Workers Training Fund, Inc., Plaintiffs-Appellants,
v.
BIG D SERVICE CO., a Colorado corporation, Defendant-Appellee.
 No. 87-2468.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1989.
 
 Joseph M. Goldhammer of Brauer & Buescher, Denver, Colo., filed a brief for plaintiffs-appellants.
 Before LOGAN and EBEL, Circuit Judges, and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal of an award of attorney's fees pursuant to 29 U.S.C. Sec. 1132(g)(2)(D). Plaintiffs, multiemployer benefit plans governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461 (the Trusts), commenced this action under 29 U.S.C. Sec. 1145 to collect delinquent payments owed by defendant Big D Service Company (Big D) under the terms of collective bargaining agreements. The district court entered a stipulated judgment in favor of the Trusts in the amount of $14,000.[1]
 
 
 2
 In an attempt to collect the judgment, the Trusts served writs of garnishment on Don Kirkman Construction Company (Kirkman), for whom Big D had contracted to perform construction work, and on H-VAC, Inc. (H-VAC), the entity which had completed Big D's contract with Kirkman. Both Kirkman and H-VAC answered the writs of garnishment and denied possession of any funds owed to Big D.
 
 
 3
 After conducting hearings, the district court held that H-VAC should be treated as the successor of Big D and entered a garnishment judgment in the amount of $16,600 against H-VAC. Further, because H-VAC was the successor to Big D's liabilities, the district court entered a garnishment judgment against Kirkman in the sum of $8,012, an amount Kirkman had not yet paid H-VAC for work completed on the contract originally awarded to Big D.
 
 
 4
 The Trusts then moved for attorney's fees pursuant to 29 U.S.C. Sec. 1132(g)(2)(D), which provides as follows:
 
 
 5
 (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
 
 
 6
 (D) reasonable attorney's fees and costs of the action, to be paid by the defendant....
 
 
 7
 The district court awarded the Trusts attorney's fees, assessed against Big D, for obtaining the garnishment judgment against H-VAC, but held "attorney fees incurred by plaintiffs in attempting to obtain payment from Don Kirkman are not compensable" pursuant to Sec. 1132(g)(2)(D). I R. tab 21 at 5. The Trusts appeal only the district court's denial of attorney's fees incurred during the garnishment proceedings against Kirkman.
 
 
 8
 Congress enacted Sec. 1132(g)(2)(D) to encourage enforcement of employer contributions and protect employee funds from the high cost of litigation and collection expenses. See, e.g., Plumbers' Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc., 778 F.2d 1266, 1271 (7th Cir.1985). There is nothing in the language of the statute or its legislative history to indicate that post-judgment attorney's fees are not recoverable. On the contrary, we have awarded fees incurred on appeal under this subsection, Trustees of Colo. Statewide Ironworkers (Erector) Joint Apprenticeship & Training Trust Fund v. A & P Steel, Inc., 824 F.2d 817 (10th Cir.1987), and the award of fees in connection with collection efforts involving the employer comports with the purpose of the statute. Accord Free v. Briody, 793 F.2d 807, 808-09 (7th Cir.1986) (post-judgment expenses incurred in connection with collection actions against employer recoverable under Sec. 1132(g)(1)).
 
 
 9
 The Seventh Circuit in Free refused to approve a fee award involving expenses incurred in a suit unrelated to the collection efforts against the original defendant and to which the defendant was not a party. The same result would appear to be mandated under Sec. 1132(g)(2)(D) because the action in which fees are recoverable must be under 29 U.S.C. Sec. 1145 and the fees are "to be paid by the defendant." Here, the post-judgment collection action involving Kirkman was part of the original ERISA action to collect delinquent contributions from Big D, and Big D was a party to the garnishment proceedings. The Kirkman garnishment was not an attempt to obtain payment from Don Kirkman in the sense that the proceedings were "an alternative path to repairing the damage [the employer] had done" and were unrelated to the collection proceedings against the employer. Free, 793 F.2d at 809. Rather, the Kirkman garnishment was an integral part of the post-judgment collection effort against Big D. Thus, the Trusts are entitled to reasonable attorney's fees under Sec. 1132(g)(2)(D), to be assessed against Big D.[2]
 
 
 10
 The Trusts request an award of attorney's fees, also to be assessed against Big D, for prosecuting this appeal. Because Sec. 1132(g)(2)(D) provides for the mandatory award of reasonable attorney's fees and costs on appeal when the outcome is favorable to the trusts, this request is granted. A & P Steel, 824 F.2d at 818.
 
 
 11
 The judgment of the United States District Court for the District of Colorado denying attorney's fees the Trusts incurred in obtaining the garnishment judgment against Kirkman is REVERSED, and the cause is REMANDED to the district court to determine the amount of reasonable attorney's fees the Trusts incurred as a result of reasonable post-judgment collection efforts. On remand, the district court also should determine the amount of attorney's fees to which plaintiffs are entitled as a result of successfully prosecuting this appeal.
 
 
 
 *
 The Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 There were two separate garnishment actions against Kirkman, the first of which was unsuccessful. On remand the district court should award attorney's fees for the Trusts' efforts in the unsuccessful garnishment only if it finds the lack of success was caused by misdirection or other fault of Big D