**JEFFERSON TILE COMPANY, INC., Plaintiff,**

v.

**The COLORADO TILE, MARBLE AND TERRAZZO WORKERS HEALTH, WELFARE AND PENSION FUNDS, NOS. 6 and 85, TRUSTEES, Defendants.**

Civ. A. Nos. 86–K–2609, 87–K–66 and 88–K–1604.

United States District Court, D. Colorado.

Aug. 28, 1992.

Timothy J. Parsons, David B. Seserman, for plaintiff.

Kate E. Knickrehm, for defendants.

## ORDER ON AMOUNTS DUE

KANE, Senior District Judge.

This matter is before me for a determination of the amount of interest, liquidated damages, costs and attorney fees to be awarded to the defendants, the trustees of the Colorado Tile, Marble & Terrazzo Workers Health, Welfare and Pension Funds Nos. 6 & 85 ("Trustees"). The facts of these consolidated cases are set forth in my May 22, 1992 order, in which I ruled in favor of the Trustees and against the plaintiff, Jefferson Tile Co., Inc. on several dispositive motions.

In the May 22 order, I requested the Trustees to provide the name and address of the payee of the funds held in the court's registry and to submit "an affidavit setting forth the amount of liquidated damages, interest, expenses of collection, court costs, audit fees and reasonable attorney fees claimed in the Delinquent Contribution Action and Withdrawal Liability Actions." (Order at 18.) The Trustees filed their submission of amounts due on June 5, 1992. Jefferson Tile timely objected to the submission, and the matter was set for hearing. The Trustees have filed a response to Jefferson Tile's objection.

### I. Damages in the Delinquent Contribution Action.

Jefferson Tile does not dispute that the Trustees are entitled to payment of the amounts deposited in the court's registry. It contests the award of statutory interest, liquidated damages, costs and attorney fees, however. It asserts that such an award is improper because (1) no judgment was ever entered in favor of the Trustees in the Delinquent Contribution Action, (2) the Trustees waived their claim to interest, liquidated damages and penalties by entering into the Joint Stipulation, and (3) Jefferson Tile's deposit of the disputed sums

into the court's registry while these cases were pending precludes such an award.

■ Section 502(g)(2) of ERISA provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan—

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added). The Tenth Circuit has held that an award of these items is mandatory when there is a judgment in favor of a plan. *Trustees of the Colo. Statewide Ironworkers (Erector) Joint Apprenticeship & Training Trust Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir.1987).

Jefferson Tile's first argument is that there is no "judgment in favor of the plan" in the Delinquent Contribution Action upon which to base an award of penalties, costs and attorney fees. The May 22 order addressed the merits of the Trustees' motion to dismiss the Declaratory Judgment Action and their motion for summary judgment in the Withdrawal Liability Action. Other motions were dismissed as moot. Although there were no dispositive motions relating to the Delinquent Contribution Action before the court, I held that the primary issue of Jefferson Tile's liability for delinquent contributions was rendered moot by the company's agreement to the Joint Stipulation. Judgment in favor of the

Trustees on the Delinquent Contribution action is implicit. For that reason, I ordered an accounting of interest, liquidated damages, costs and attorney fees in that action. To the extent the May 22 order is ambiguous as to judgment in favor of the Trustees in the Delinquent Contribution Action, that ambiguity can be corrected now.

■ Jefferson Tile's second argument is that the Trustees waived any claim to statutory damages by entering into the Joint Stipulation. No language in the Joint Stipulation addresses this issue. The Joint Stipulation provides only that all fringe benefit contributions that Jefferson Tile deposited in the court's registry are to be paid to the Trustees, regardless of the outcome of the Declaratory Judgment Action, in exchange for the Trustees' agreement not to suspend benefits of Jefferson Tile employees. Contractual waiver of rights in a stipulation or settlement agreement must be clear and unequivocal. There is no evidence that the Trustees intended to waive recovery of statutory amounts by entering into the Joint Stipulation.

■ Finally, Jefferson Tile claims that it cannot be held liable for statutory damages because it paid the fund contributions into the court's registry while these cases were pending. It relies on *Michigan Carpenters Council v. C.J. Rogers, Inc.*, wherein the Sixth Circuit disagreed with a majority of cases holding that an employer cannot escape liability for statutory penalties by paying the disputed amounts after commencement of a suit to recover delinquent contributions. *See* 933 F.2d 376, 388–89 (6th Cir.) (statutory damages apply only to contributions unpaid at the date of judgment, not filing), *cert. denied,* —— U.S. ——, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991). *Compare Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir.1989) (statutory award applicable to contributions unpaid as of date suit commenced); *Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1174 (5th

Cir.1985); *Board of Trustees v. Udovch,* 771 F.Supp. 1044, 1047 (N.D.Cal.1991); *Carpenters Health & Welfare Fund v. Building Tech, Inc.,* 747 F.Supp. 288, 296 (E.D.Pa.1990).

Although the Tenth Circuit has not taken a position on this issue, its statement in *A & P Steel* that an award of these amounts is mandatory when there is a judgment in favor of the plan, *see* 824 F.2d at 818, indicates that it would follow the majority position. Accordingly, Jefferson Tile should be required to pay the statutory amounts claimed, despite its deposits into the court's registry.[1]

## II. *Damages in the Withdrawal Liability Action.*

■ Jefferson Tile's central argument with respect to the request for damages in the Withdrawal Liability Action is that an award is discretionary, not mandatory. Jefferson Tile relies on *Malden Mills Industries v. ILGWU National Retirement Fund,* 766 F.Supp. 1202 (D.Mass.1991), in which the court granted a fund's request for attorney fees with respect to its delinquent contribution claim, but denied the request as to a withdrawal liability claim. The court held that, while an award of attorney fees was mandatory in a delinquent contribution action in which a plan prevails under § 1132(g)(2), it was discretionary in a withdrawal liability action under § 1451(e). The reasoning in *Malden Mills* is curious.

Two ERISA provisions relating to civil actions for withdrawal liability are relevant. First, § 1451(b) provides that "[i]n any action under this section to compel an employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title.)" 29 U.S.C. § 1451(b). Thus, treating a plan's claim for withdrawal liability in the same manner as one for delinquent contributions, an award of stat-

utory damages, including attorney fees, is mandatory. *See* 29 U.S.C. § 1132(g)(2). Second, § 1451(e) provides: "In any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." *Id.* § 1451(e).

In *Rootberg v. Central States, Southeast & Southwest Areas Pension Fund,* the Seventh Circuit explained the apparent tension between these two sections:

The MPPAA authorizes an employer adversely affected by an act or omission with respect to a multiemployer plan to bring suit in federal court for appropriate legal or equitable relief. And in any such suit "the court may award all or a portion of the costs and expenses incurred in connection with [the suit], including reasonable attorney's fees, to the prevailing party." This section has no legislative history except for a statement by the floor manager of the bill in the House of Representatives, Congressman Thompson, that if an employer fails to make timely withdrawal-liability payments required by the MPPAA "the court must award the plan ... attorneys' fees." This language seems overemphatic in view of what section 1451(e) actually says ("the court *may* award all *or a portion* of the costs and expenses incurred"), but in any event does not address the case where the *employer* is the prevailing party. There are few reported cases under this section; but since the MPPAA is an amendment to ERISA (the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.), which has a similarly worded provision on attorney's fees (In any suit under ERISA "by a participant, beneficiary, or fiduciary ... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1))—and such differ-

---

1. Even were I to follow the minority position espoused in *Michigan Carpenters,* the Trustees may still be entitled to liquidated damages under the terms of Jefferson Tile's collective bargaining agreements, provided the liquidated damages provision therein cannot be construed as a penalty under federal common law. *See* 933 F.2d at 389–90. Jefferson Tile does not address this issue, nor have I since I follow the majority position mandating a statutory award.

ences in wording between the two provisions as there are appear to be inadvertent—we hold the standards for awarding attorney's fees are the same.

856 F.2d 796, 799 (7th Cir.1988) (final emphasis added).

Thus, the court's discretion to award attorney fees under § 1451(e), like § 1132(g)(1), applies to all actions brought under that section, *except* one in which a plan prevails in compelling an employer to pay withdrawal liability. In the latter case, like in delinquent contribution actions in which there is a judgment in favor of a plan under § 1132(g)(2), attorney fees and other statutory damages are mandatory. *See, e.g., Central States Pension Fund v. Hayes,* 789 F.Supp. 1430, 1437 (N.D.Ill. 1992) (citing cases from the Second, Third, Fifth, and Ninth Circuits). Therefore, contrary to Jefferson Tile's suggestion, I do not have discretion to award only the amount of interest, liquidated damages, costs and reasonable attorney fees I believe is equitable.

■ Jefferson Tile's final request is that I suspend the imposition of pre-judgment interest and penalties for the period during which the Trustees' motion for summary judgment was pending before the court. Jefferson Tile argues that case law permits limiting the award of prejudgment interest where there has been a substantial delay in the proceedings. In those cases, however, the delay has been due to the prevailing party's dilatory actions or a formal stay of the proceedings. Neither situation occurred here. Consequently, a full award should be allowed.

## III. *Conclusion.*

Jefferson Tile mounts only legal challenges to the Trustee's accounting of damages in the Delinquent Contribution and Withdrawal Liability Actions. It does not contest the actual calculation of interest and liquidated damages or the reasonableness of costs and attorney fees. Since its legal arguments are not persuasive, the Trustees must be awarded the amounts claimed. In addition, the Trustees' request for permission to file a supplemental application, covering the costs and fees of responding to Jefferson's Tile's objection to its damages claim is DENIED.