821 A.2d 524 (2003)
360 N.J. Super. 63
George A. TANKSLEY, Plaintiff-Appellant,
v.
Timothy C. COOK, Individually and d/b/a Cook's Motors and Joanne Cook, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 2003.
Decided May 2, 2003.
Charles G. Resnick, Cherry Hill, argued the cause for appellant.
No brief filed on behalf of respondents.
Fredric J. Gross, for amicus curiae National Employment Lawyers Association of New Jersey, Inc.
Before Judges KING, WECKER and LISA.
The opinion of the court was delivered by KING, P.J.A.D.
This is an appeal from a post-judgment order in the Law Division denying plaintiff's counsel fees incurred in collection efforts after a successful verdict in a Consumer Fraud Act (CFA) matter. N.J.S.A. 56:8-1 to -20. Under the CFA's fee-shifting section, N.J.S.A. 56:8-19, a successful claimant may recover attorneys' fees and costs:
In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.
After a bench trial, plaintiff recovered treble damages from the defendant, a used car dealer, based on a claim of a defective transmission and brakes. The February 25, 2002 judgment was for $7,312.17 for *525 triple damages plus counsel fees of $8880 and taxed costs of $61. The recovery for both treble damages and fees was $16,253.17.
Plaintiff's counsel immediately embarked upon collection of the judgment. Defendant was unresponsive to requests for voluntary payment. Plaintiff's counsel investigated defendant's assets and sought and obtained a writ of execution. Ultimately, the entire sum was paid on April 5, 2002 to the Special Civil Part Officer to avoid imminent towing of vehicles from defendant's used car lot.
Plaintiff then sought, by motion, payment of his attorneys' fees and costs for his post-judgment collection efforts. This sum was $2,527.49, including fees and title searches. We have examined this post-judgment fee claim and find it very fair under the circumstances.
The trial judge denied the application for post-judgment fees incurred for the successful efforts to collect the judgment. The judge declined the application because "there just seems to be a certain piling on aspect to it." The judge seemed to think that plaintiff needed to prove some fraudulent or deceitful post-judgment conduct designed to thwart the collection process before plaintiff could prevail on this application. We disagree and reverse.
Counsel fees may be recovered under our Rules "in all cases where counsel fees are permitted by statute." R. 4:42-9(a)(8). Counsel fee shifting under N.J.S.A. 56:8-19 is a prominent feature of the CFA. In Lettenmaier v. Lube Connection, Inc., 162 N.J. 134, 139, 741 A.2d 591 (1999), Justice Long recently stated:
The Consumer Fraud Act has three main purposes: to compensate the victim for his or her actual loss; to punish the wrongdoer through the award of treble damages, Roberts v. Cowgill, 316 N.J.Super. 33, 45, 719 A.2d 668 (App. Div.1998); and, by way of the counsel fee provision, to attract competent counsel to counteract the community scourge of fraud by providing an incentive for an attorney to take a case involving a minor loss to the individual. Silva v. Autos of Amboy, Inc., 267 N.J.Super. 546, 555, 632 A.2d 291 (App.Div.1993). Because it is a remedial statute, its provisions are construed liberally in favor of the consumer to accomplish its deterrent and protective purposes. Cox [v. Sears Roebuck & Co.], supra, 138 N.J. at 15-16, 647 A.2d 454; Roberts, supra, 316 N.J.Super. at 45, 719 A.2d 668; Gennari [v. Weichert Co. Realtors,] supra, 148 N.J. at 604, 691 A.2d 350 (stating that "[t]he history of the Consumer Fraud Act is one of constant expansion of consumer protection").
[Lettenmaier, 162 N.J. at 139, 741 A.2d 591.]
The liberal construction afforded remedial legislation is a constant theme for interpretation of the CFA and the counsel fee component. Cox v. Sears Roebuck & Co., 138 N.J. 2, 15, 647 A.2d 454 (1994). The award of counsel fees under the act is "mandatory." Id. at 24, 647 A.2d 454; Wanetick v. Gateway Mitsubishi, 163 N.J. 484, 490, 750 A.2d 79 (2000); Skeer v. EMK Motors, Inc., 187 N.J.Super. 465, 473, 455 A.2d 508 (App.Div.1982).
Our courts have not yet had the occasion to rule on the issue of fee-shifting in the context of process to enforce judgments or in supplementary proceedings. R. 4:59. We conclude that the mandatory award of "reasonable attorneys' fees, filing fees and reasonable costs of suit" under N.J.S.A. 56:8-19 should include fees and costs incurred in satisfying the judgment. The federal authorities we have reviewed appear unanimous in allowing such fee awards for reasonable post-judgment enforcement *526 activity. See Schwartz & Kirklin, 2 Section 1983 Litigation, Attorney's Fees § 4.8 at 200-202 (3d ed. 1997 John Wiley & Sons), stating: "All post judgment activities that are reasonably related to the goals of gaining or ensuring the defendant's compliance with the judgment are compensable. Such efforts include:... Collection of an underlying money judgment." Reliance upon cognate federal authority is usually helpful in these fee-shifting circumstances. See Rendine v. Pantzer, 141 N.J. 292, 322, 661 A.2d 1202 (1995).
In a federal fee-shifting claim in an action by Legal Services against a municipal housing authority for overcharges, the Eleventh Circuit made this pungent observation:
The law seeks to compensate attorneys for work reasonably done actually to secure for clients the benefits to which they are entitled. In many class actions, whether ended by judgment after trial or by consent decree, the order of the court does not always secure the actual benefit and additional legal work may be required. To paraphrase the acute observation of baseball great Yogi Berra, a case ain't over till it's over. This means that class counsel are entitled to compensation until all benefits obtained by the litigation are in hand. Hence, hours reasonably expended on post-decree administration are compensable. The case is remanded for an award for this work.
[Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1305 (11th Cir.1988) (emphasis added).]
Indeed, time spent preparing counsel's fee petition is compensable. Hernandez v. Kalinowski, 146 F.3d 196 (3d Cir.1998) (Federal Prison Litigation Reform Act, 42 U.S.C.A. § 1997e(d)). In Spain v. Mountanos, 690 F.2d 742, 747 (9th Cir.1982), the court affirmed such a post-judgment enforcement fee award stating:
The district court awarded appellees' attorneys an additional $6,318 in attorney's fees expended in collecting the original $70,000 stipulated fee. This court has held that such an award for fees on collection is proper under section 1988. See Southeast Legal Defense Group v. Adams, 657 F.2d 1118, 1126 (9th Cir.1981); see also Stanford Daily v. Zurcher, 64 F.R.D. 680, 683-84 (N.D.Cal.1974), aff'd, 550 F.2d 464 (9th Cir.1977), rev'd on other grounds, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978) (refusal to award fees expended on collection would permit dilution of initial attorney's fees award).
In Free v. Briody, 793 F.2d 807, 808-09 (7th Cir.1986), in a fee application under ERISA, Chief Judge Posner said:
Fees for efforts to realize on judgments are often awarded in civil rights cases, see Balark v. Curtin, 655 F.2d 798, 802-03 (7th Cir.1981), and though ERISA has a less pronounced plaintiff's orientation than the civil rights statutes, see Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 829 (7th Cir.1984), we do not think the difference should affect the present issue. The point is that the entry of judgment is not the end of the litigation; in this case, it may not even be the beginning of the end. It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal.
In Balark v. Curtin, 655 F.2d 798, 803 (7th Cir.1981), the court said with respect to a similar application under the Civil Rights Act:
Plaintiff seeks fees for her efforts to collect the judgment awarded her in her successful action under the civil rights *527 laws. Congress has determined that attorneys' fees are necessary to fulfill the purposes of the civil rights laws by transferring the costs of litigation to those who infringe upon basic civil rights. Bond [v. Stanton], 630 F.2d [1231] at 1235. The compensatory goals of the civil rights laws would thus be undermined if fees were not also available when defendants oppose the collection of civil rights judgments. An award of compensation for injuries sustained as a result of unconstitutional state action would be "diluted" if fees were denied to plaintiffs required to contest substantial efforts to resist or obstruct the collection of civil rights judgments. The victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation.
See also Burke v. Guiney, 700 F.2d 767, 771 (1st Cir.1983); Planned Parenthood v. State of Arizona, 789 F.2d 1348, 1352 (9th Cir.1986); Argento v. Village of Melrose Park, 838 F.2d 1483, 1499-1500 (7th Cir. 1988).
Plaintiff is entitled to recover the fees he was obligated to pay his counsel for collecting on the judgment. Denial would leave him less than whole and dilute the damage award intended by the Legislature against fraudulent merchants. We reverse and remand for entry of judgment for the plaintiff in the additional amount of $2,527.49.
Reversed.